Joseph S. May   SBN 245924
LAW OFFICE OF JOSEPH S. MAY
1388 Sutter Street, Suite 810
San Francisco, CA 94109
Tel: (415) 781-3333
Fax: (415) 707-6600
joseph@josephmaylaw.com

Brian Gearinger   SBN 146125
GEARINGER LAW GROUP
740 Fourth Street
Santa Rosa, CA 95404
Tel: (415) 440-3102
brian@gearingerlaw.com

Attorneys for Plaintiffs
AASYLEI LOGGERVALE,
AASYLEI HARDGE-LOGGERVALE, and
AAOTTAE LOGGERVALE

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO-OAKLAND DIVISION

| | |
|---|---|
| AASYLEI LOGGERVALE; AASYLEI HARDGE-LOGGERVALE; and AAOTTAE LOGGERVALE,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF ALAMEDA; STEVEN HOLLAND; MONICA POPE; KEITH LEEPER; ANTHONY DeSOUSA; and DOES 1 to 50, inclusive,<br><br>Defendants. | CASE NO.<br><br>**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**<br><br>1. 42 U.S.C. § 1983 – Fourth Amendment<br>2. 42 U.S.C. § 1983 – Fourteenth Amendment<br>3. 42 U.S.C. § 1983 – First Amendment<br>4. 42 U.S.C. § 1983 (*Monell* & Supervisor Liability)<br>5. 42 U.S.C. § 1981<br>6. Cal. Civ. Code § 52.1<br>7. Cal. Civ. Code § 51.7<br>8. Assault<br>9. Battery<br>10. False Arrest/Imprisonment<br>11. Invasion of Privacy<br>12. Negligence |

1

**INTRODUCTION**

1. Plaintiffs, a Black mother and her two teenage daughters, were sitting in their car outside of a Starbucks in Castro Valley at the end of an overnight drive from Nevada to get the daughters to their college classes on time. Two white Alameda County Sheriff deputies approached the vehicle ostensibly as part of an investigation into car burglaries committed by unidentified *Black men* in the preceding months. Without reasonable suspicion that any of the Plaintiffs were involved in any criminal activity, the deputies arrested Plaintiffs, handcuffed them, forced them into the back of patrol vehicles, and searched them and their possessions.

2. Sadly, the abusive treatment Plaintiffs endured for merely existing while Black is not unusual or surprising. This civil rights action seeks to vindicate Plaintiffs' constitutional and statutory rights and hold the deputies and their department accountable for biased policing practices and the policies (or absence of policies) that resulted in these practices.

**PARTIES**

3. Plaintiff Aasylei Loggervale is an adult over the age of eighteen, and at all times relevant hereto, was and is a resident of the State of Nevada. For sake of clarity, she will be referred to as Ms. Loggervale throughout this Complaint.

4. Plaintiff Aasylei Hardge-Loggervale (hereafter "Aasylei") is an adult over the age of eighteen and, at all times relevant hereto, was and is a resident of Alameda County, California. Aasylei is one of Ms. Loggervale's daughters. At the time of the incident giving rise to this action, Aasylei was nineteen years old.

5. Plaintiff Aaottae Loggervale (hereafter "Aaottae") is an adult over the age of eighteen and, at all times relevant hereto, was and is a resident of Alameda County, California. Aaottae, also one of Ms. Loggervale's daughters, was seventeen years old at the time of the incident giving rise to this action.

6. Defendant County of Alameda is political subdivision of the State of California, which operates, oversees, and manages the Alameda County Sheriff's Office ("ACSO").

7. Defendant Steven Holland is, and at all relevant times was, a deputy with the ACSO. In doing the things herein alleged, Defendant Holland was acting under color of state law and in

1  the course and scope of his employment with Defendant County of Alameda. Defendant Holland
2  is sued in his individual capacity.

3      8. Defendant Monica Pope is, and at all relevant times was, a deputy with the ACSO. In
4  doing the things herein alleged, Defendant Pope was acting under color of state law and in the
5  course and scope of her employment with Defendant County of Alameda. Defendant Pope is
6  sued in her individual capacity.

7      9. Defendant Keith Leeper is, and at all relevant times was, a deputy with the ACSO. In
8  doing the things herein alleged, Defendant Leeper was acting under color of state law and in the
9  course and scope of his employment with Defendant County of Alameda. Defendant Leeper is
10 sued in his individual capacity.

11     10. Defendant Anthony DeSousa is, and at all relevant times was, a lieutenant with the
12 ACSO. In doing the things herein alleged, Defendant DeSousa was acting under color of state
13 law and in the course and scope of his employment with Defendant County of Alameda.
14 Defendant DeSousa is sued in his individual capacity, including in his capacity as a supervisor.

15     11. The true names and capacities, whether individual, corporate, associate, or otherwise,
16 of Defendants sued herein as Does 1-50, inclusive, are unknown to Plaintiffs, who therefore sue
17 said defendants by such fictitious names. Plaintiffs will amend this Complaint to show the true
18 names and capacities if and when the same are ascertained. Plaintiffs are informed and believe,
19 and thereon allege, that said Defendants, and each of them, are responsible in some manner for
20 Plaintiffs' damages as herein alleged. Each reference in this complaint to "defendant,"
21 "defendants," "Defendants," or a specifically named defendant also refers to all "Doe"
22 defendants.

23     12. Plaintiffs are informed and believe and thereon allege that each of the Defendants
24 sued herein was negligently, wrongfully, and otherwise responsible in some manner for the
25 events and happenings as hereinafter described, and proximately caused injuries and damages to
26 Plaintiffs. Further, one or more Doe Defendants was at all material times responsible for the
27 hiring, training, supervision, and discipline of other defendants, including the individually named
28 and Doe Defendants.

3

Loggervale v. County of Alameda et al., Case No. _____
COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

1   13. Plaintiffs are informed and believe and thereon allege that at all times herein
2   mentioned each of the Defendants, including all defendants sued under fictitious names, was the
3   agent and/or employee of each of the other Defendants, and in doing the things hereinafter
4   alleged, was acting within the course and scope of such agency and employment.
5   14. Plaintiffs are informed and believe, and thereon allege, that each of the Defendants
6   was at all material times an agent, servant, employee, partner, joint venturer, co-conspirator,
7   and/or alter ego of the remaining Defendants, and in doing the things herein alleged, was acting
8   within the course and scope of that relationship. Plaintiffs are further informed and believe, and
9   thereon allege, that each of the Defendants herein gave consent, aid, and assistance to each of the
10  remaining Defendants, and ratified and/or authorized the acts or omissions of each Defendant as
11  alleged herein, except as may be hereinafter otherwise specifically alleged. At all material times,
12  each Defendant was an integral participant, jointly engaged in constitutionally violative,
13  unlawful, and/or tortious activity, resulting in the deprivation of Plaintiffs' constitutional rights
14  and other actionable harm.
15  15. At all material times, each Defendant acted under color of the laws, statutes,
16  ordinances, and regulations of the State of California.

**JURISDICTION AND VENUE**

18  16.  This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and
19  1343(a)(3)-(4) because it arises under the Constitution and laws of the United States, as it is
20  being brought to obtain compensatory and punitive damages for the deprivation, under color of
21  state law, of the rights of citizens of the United States that are secured by the United States
22  Constitution, pursuant to 42 U.S.C. §§ 1981, 1983 and 1988. This Court has supplemental
23  jurisdiction over the claims arising under California law pursuant to 28 U.S.C. § 1367(a).
24  17. This Court is the proper venue pursuant to 28 U.S.C. § 1391(b)(2) because the events
25  giving rise to the claims occurred in the County of Alameda.

**GENERAL FACTUAL ALLEGATIONS**

27  18.  On the morning of September 20, 2019, Plaintiffs arrived in Castro Valley,
28  California, after having driven overnight from Nevada so that Aasylei and Aaottae could get to

4

Loggervale v. County of Alameda et al., Case No. _____
COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

their respective college classes. Ms. Loggervale was driving a silver four-door Cadillac that she had rented. She parked the vehicle in a handicapped parking space, with a visible placard on the rear-view mirror, near the Starbucks located at 2720 Castro Valley Blvd.

19. Plaintiffs were in the vehicle, resting briefly and preparing to go to the Starbucks to get coffee and use the restroom before the final leg of their drive when Defendants Holland and Pope approached the vehicle. Defendant Holland first spoke with Ms. Loggervale, who informed him that she had just gotten into town from Las Vegas. Defendant Holland indicated that there had been car break-ins in the area and asked Ms. Loggervale for her identification.

20. Ms. Loggervale refused to provide Defendant Holland her driver's license and did not believe she was required to do so. Further, Ms. Loggervale did not want to engage further with Defendants because, as a Black person, she feared that the encounter could result in serious physical harm or death to her and/or her daughters. This fear was justified in light of the high number of documented incidents of police brutality against Black people, even those who are completely innocent of any crimes.

21. Despite Ms. Loggervale's refusal to provide identification, Defendant Holland persisted in asking her to provide it. Plaintiffs began verbally protesting what they considered to be harassment by Defendant Holland, and repeatedly asked what basis there was to persist in questioning them. Plaintiffs also repeatedly stated that they had not done anything wrong and had no connection whatsoever to any auto burglaries. While Plaintiffs were firm in their verbal tone, they never screamed or yelled, they never threatened Defendants, and never said or did anything that would have led a reasonable law enforcement officer to fear for their safety or to suspect that Plaintiffs committed, or were planning on committing, any crime.

22. Soon after the encounter began, Aaottae began video recording the incident on her cell phone. Later, Aasylei recorded some of the incident as well. Plaintiffs continued to protest Defendant Holland's persistence in seeking identification and explaining that they had not done anything wrong. Defendant Holland did not dispute these statements, nor did he offer any reason to justify a belief to the contrary. Instead, when Aasylei exited the backseat of the vehicle to use the restroom, Defendant Holland informed the Plaintiffs that they were all being detained. He

5

told Aasylei that if she did not return to the vehicle she would be handcuffed and placed in Defendant Holland's vehicle.

23. After Defendant Holland told Plaintiffs they were detained, and threatened to handcuff Aaottae, Plaintiffs continued verbally protesting Holland's actions. Aaottae also exited the vehicle, continued video recording, and demanded to know why Plaintiffs were being detained. Defendants Holland and Pope refused to provide an explanation.

24. Shortly after Aaottae exited the vehicle, Defendant Leeper arrived on scene. Defendant Holland told him: "They don't want to listen to us so let's go ahead and detain these two," referring to Aaottae and Aasylei. In response, Defendant Leeper handcuffed Aasylei while Defendant Pope handcuffed Aaottae, who was a minor at the time.

25. After Defendants Leeper and Pope handcuffed Aasylei and Aaottae, Defendant Holland physically removed Ms. Loggervale from her vehicle and handcuffed her as well. Defendants forcibly placed all three Plaintiffs into patrol vehicles. Thereafter, one or more Defendants searched Plaintiffs' vehicle, including the trunk, and Plaintiffs' personal belongings, including their purses and cell phones, and took their identifications from their personal belongings.

26. Defendants held Plaintiffs handcuffed in the back of Defendants' patrol cars for several minutes. At some point, Aasylei informed Defendant Leeper that she had to use the restroom but he refused to allow her to do so. Eventually, Defendant DeSousa, an ACSO lieutenant, arrived on scene and learned the circumstances surrounding the detentions. However, despite learning that no reasonable suspicion existed to detain Plaintiffs (much less probable cause to arrest), he did not immediately instruct his subordinates to release them. Eventually, however, Defendants released Plaintiffs. Plaintiffs were neither cited for, nor charged with, any crimes.

27. As a result of the Defendants' actions, Plaintiffs suffered a deprivation of their rights and liberties, sustained physical injuries, including abrasions to their wrists and arms, and suffered physical pain, mental suffering, emotional distress, fear, embarrassment, and other general damages in an amount to be proven at trial.

28. At no time during the encounter with Defendants did Plaintiffs do or say anything that would put a reasonable officer in fear of his or her safety.

29. Following the incident, Defendants Holland and Pope claimed in a written incident report that the reason for approaching Plaintiff was that there were auto burglaries in the preceding months at or near the subject location involving possible suspects described as Black males. While Defendants listed other facts in their incident reports that purportedly led them to believe there was something suspicious about Plaintiffs' behavior, those facts were either fabricated or merely pretextual. Even if the facts set forth in the Defendants' reports are true (which Plaintiffs dispute), those facts still did not give rise to a reasonable suspicion to detain Plaintiffs, and certainly did not furnish probable cause to arrest Plaintiffs and search them, their vehicle, and their belongings.

30. Plaintiffs are informed and believe, and intend to prove after conducting relevant discovery, that Defendants' actions in detaining and/or arresting Plaintiffs, using force on them, and illegally searching them and their belongings, were motivated largely or entirely by the following (1) Plaintiffs' skin color, (2) Ms. Loggervale's refusal to provide her identification during what started as a consensual encounter, and/or (3) Plaintiffs' verbal protestations of the Defendants' actions and Plaintiffs' accusation that the Defendants were harassing them. Indeed, as shown on the video footage captured by Plaintiffs' cell phones and the video footage Plaintiffs expect to obtain from the Defendants' body cams, Plaintiffs did not do or say anything that would have provided reasonable suspicion or probable cause for the detention and/or arrest and subsequent searches. Therefore, there is a strong inference that the Defendants were in fact motivated by one or more the three factors enumerated above.

31. On January 10, 2020, Plaintiffs presented claims to the County of Alameda pursuant to California Government Code Section 910 et seq. On April 1, 2020, the County of Alameda rejected the claims.

//

//

//

**FIRST CAUSE OF ACTION**

**42 U.S.C. Section 1983 – Fourth Amendment**

**(Against Defendants Holland, Pope, Leeper, DeSousa, and Does 1-25)**

32. Plaintiffs refer to paragraphs 1-31 of this Complaint and incorporate by reference the allegations of said paragraphs as though expressly set forth at length at this point.

33. By the actions and omissions described above, the Defendants, acting under color of state law in their individual capacities, and as integral participants, violated Plaintiffs' rights under the Fourth Amendment to the U.S. Constitution. These deprivations include, but are not limited to:

   a. The right to be free from detention without reasonable suspicion;
   b. The right to be free from arrest without probable cause;
   c. The right to be free from unreasonable search and seizure of property;
   d. The right to be free from excessive force.

34. Defendants subjected Plaintiffs to their wrongful conduct, depriving Plaintiffs of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights of Plaintiffs would be violated by their acts and/or omissions. Defendants' acts and/or omissions were the moving force behind, and proximately caused, injuries and damages to Plaintiffs as set forth above.

35. Defendants' conduct entitles Plaintiffs to punitive damages and penalties allowable under 42 U.S.C. § 1983 and California law in an amount sufficient to punish and deter such conduct. No punitive damages are sought against Defendant County of Alameda.

**SECOND CAUSE OF ACTION**

**42 U.S.C. Section 1983 – Fourteenth Amendment**

**(Against Defendants Holland, Pope, Leeper, and Does 1-25)**

36. Plaintiffs refer to paragraphs 1-35 of this Complaint and incorporate by reference the allegations of said paragraphs as though expressly set forth at length at this point.

37. By the actions and omissions described above, Defendants, acting under color of state law in their individual capacities, and as integral participants, violated Plaintiffs' rights

1  under the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution.
2  Defendants intentionally discriminated against Plaintiffs based on the color of their skin.
3  Defendants would not have harassed, detained, arrested, used force on, and searched Plaintiffs if
4  they were white. In particular, according to Defendants' own incident reports, one of the facts
5  upon which they relied in detaining and/or arresting Plaintiffs is that there were previous car
6  break-ins in the area in which Black males were alleged suspects or involved persons. Choosing
7  to detain Plaintiffs – three Black *women* – based on alleged actions and/or involvement of Black
8  *men* is illegal racial profiling and prohibited by the Fourteenth Amendment's Equal Protection
9  Clause and by California Penal Code Section 13519.4. If the Defendants had been told that white
10 men were involved in the burglaries in the area, it is virtually certain that Defendants never
11 would have detained, arrested, or searched three white women who happened to be sitting in
12 their car in the parking lot.

13  38.  Defendants subjected Plaintiffs to their wrongful conduct, depriving Plaintiffs of
14 rights described herein, knowingly, maliciously, and with conscious and reckless disregard for
15 whether the rights of Plaintiffs would be violated by their acts and/or omissions. Defendants'
16 acts and/or omissions were the moving force behind, and proximately caused, injuries and
17 damages to Plaintiffs as set forth above.

18  39.  Defendants' conduct entitles Plaintiffs to punitive damages and penalties allowable
19 under 42 U.S.C. § 1983 and California law in an amount sufficient to punish and deter such
20 conduct. No punitive damages are sought against Defendant County of Alameda.

21 **THIRD CAUSE OF ACTION**
22 **42 U.S.C. Section 1983 – First Amendment**
23 **(Against Defendants Holland, Pope, Leeper, and Does 1-25)**

24  40.  Plaintiffs refer to paragraphs 1-39 of this Complaint and incorporate by reference the
25 allegations of said paragraphs as though expressly set forth at length at this point.

26  41.  By the actions and omissions described above, Defendants, acting under color of
27 state law in their individual capacities, and as integral participants, violated Plaintiffs' rights
28 under the First Amendment to the U.S. Constitution. In particular, Defendants retaliated against

Plaintiffs for their speech, including their verbal protests and criticisms of the Defendants' actions in investigating, detaining, and arresting Plaintiffs without any basis, and their exercise of their right to refuse to cooperate in what started as a consensual encounter. Plaintiffs also believe Defendants retaliated against them for refusing to cooperate in a consensual encounter, which is also protected activity under the First Amendment.

42. Defendants subjected Plaintiffs to their wrongful conduct, depriving Plaintiffs of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights of Plaintiffs would be violated by their acts and/or omissions. Defendants' acts and/or omissions were the moving force behind, and proximately caused injuries and damages to Plaintiffs as set forth above.

43. Defendants' conduct entitles Plaintiffs to punitive damages and penalties allowable under 42 U.S.C. § 1983 and California law in an amount sufficient to punish and deter such conduct. No punitive damages are sought against Defendant County of Alameda.

## FOURTH CAUSE OF ACTION

### 42 U.S.C. Section 1983 – *Monell* and Supervisor Liability

**(Against Defendants County of Alameda, DeSousa, and Does 26-50)**

44. Plaintiffs refer to paragraphs 1-43 of this Complaint and incorporate by reference the allegations of said paragraphs as though expressly set forth at length at this point.

45. The unconstitutional actions and/or omissions of Defendants Holland, Pope, Leeper, and Does 1-25 were pursuant to the following customs, policies, practices, and/or procedures of Defendant County of Alameda, and which were directed, encouraged, allowed and/or ratified by policymaking officials with the County of Alameda the ACSO:

    a. To carry out or tolerate unlawful detentions without reasonable suspicion;

    b. To carry out or tolerate unlawful arrests without probable cause;

    c. To carry out or tolerate detentions and arrests based on citizens' refusal to cooperate with consensual encounters;

    d. To carry out or tolerate detentions and arrests based on citizens' exercise of their First Amendment right to criticize and verbally protest deputies' actions;

    e. To use or tolerate excessive force;

    f. To carry out or tolerate unlawful searches of persons and properties;

    g. To carry out or tolerate discriminatory and biased policing and/or racial profiling;

    h. To fail to institute, require, and enforce proper and adequate training, supervision, policies, and procedures concerning each of the foregoing practices;

    i. To fail to institute, require, and enforce proper and adequate training, supervision, policies, and procedures within the ACSO concerning the fear experienced by Black people and other minorities when interacting with law enforcement in light of well documented, highly publicized, and disproportionate amount of violence committed by law enforcement against said groups, and the tactics that ACSO deputies should employ in dealing with said groups in light of such fears (especially where, as here, they have been explicitly made known to the deputies);

    j. To ignore and/or fail to properly investigate, supervise, discipline, and/or terminate deputies who have engaged in unlawful or unconstitutional law enforcement activity;

    k. To allow deputies to file false police reports.

  46. Defendant County of Alameda and Does 26-50 failed to properly screen, hire, train, instruct, monitor, supervise, evaluate, investigate, discipline and/or terminate Defendants Holland, Pope, and Leeper, and Does 1-25 with deliberate indifference to Plaintiffs' constitutional rights.

  47. The unconstitutional actions of Defendants Holland, Pope, Leeper, and Does 1-25 were approved, tolerated, and/or ratified by policymaking officers for Defendant County of Alameda and the ACSO.

  48. The aforementioned customs, policies, practices, and procedures, and the failure to properly screen, hire, train, instruct, monitor, supervise, evaluate, investigate, discipline and terminate, and the unconstitutional approval, ratification and/or toleration of the wrongful conduct of Defendants Holland, Pope, Leeper, and Does 1-25 were a moving force and/or proximate cause of the deprivation of Plaintiffs' clearly established constitutional rights.

49. As the supervisor on scene, Defendant DeSousa had an obligation to ensure that his subordinates, including Defendants Holland, Pope, Leeper, and Does 1-25 refrained from violating Plaintiffs' Constitutional rights.

50. Because Defendant DeSousa learned and was apprised of the relevant facts surrounding the arrest and/or detention of Plaintiffs, the use of force on Plaintiffs, and the search of their persons and property, and because he knew that such actions were illegal and unconstitutional, Defendant DeSousa was obligated to immediately terminate those unconstitutional actions, and by failing to do so, Defendant DeSousa is liable in his role as a supervisor.

51. As a direct and proximate result of Defendants' conduct, Plaintiff suffered injuries and damages as set forth above.

## FIFTH CAUSE OF ACTION

## 42 U.S.C. Section 1981

### (Against Defendants Holland, Pope, Leeper, and Does 1-25)

52. Plaintiffs refer to paragraphs 1-51 of this Complaint and incorporate by reference the allegations of said paragraphs as though expressly set forth at length at this point.

53. In doing the things herein alleged, Defendants intentionally discriminated against Plaintiffs because of their race, thereby depriving them their right to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens.

54. Defendants subjected Plaintiffs to their wrongful conduct, depriving Plaintiffs of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights of Plaintiffs would be violated by their acts and/or omissions. Defendants' acts and/or omissions were the moving force behind, and proximately caused injuries and damages to Plaintiffs as set forth above.

55. Defendants' conduct entitles Plaintiffs to punitive damages and penalties allowable under 42 U.S.C. § 1983 and California law in an amount sufficient to punish and deter such conduct. No punitive damages are sought against Defendant County of Alameda.

## SIXTH CAUSE OF ACTION

## Cal. Civ. Code § 52.1

**(Against Defendants County of Alameda, Holland, Pope, Leeper, and Does 1-25)**

56. Plaintiffs refer to paragraphs 1-55 of this Complaint and incorporate by reference the allegations of said paragraphs as though expressly set forth at length at this point.

57. By their acts, omissions, customs, and policies, each Defendant acting in concert/conspiracy, as described above, interfered with, attempted to interfere with, and violated the following rights:

a. the right to be free from unreasonable seizures, detentions without reasonable suspicion, and arrest without probable cause, secured by the Fourth Amendment to the United States Constitution and by Article 1, Section 13 of the California Constitution;

b. the right to be free from unreasonable searches, secured by the Fourth Amendment to the United States Constitution and by Article 1, Section 13 of the California Constitution;

c. the right to be free from excessive force, secured by the Fourth Amendment to the United States Constitution and Article 1, Section 13 of the California Constitution;

d. the right to be free from intentional racial discrimination, secured by the Equal Protection clause of the Fourteenth Amendment to the United States Constitution, Article 1, Sections 7 and 13 of the California Constitution, and 42 U.S.C. Section 1981;

e. the right to free speech, secured by the First Amendment to the United States Constitution and Article 1, Section 2 of the California Constitution;

f. the right to enjoy and defend life and liberty; acquire, possess, and protect property; and pursue and obtain safety, happiness, and privacy, secured by Article 1, Section 1 of the California Constitution;

g. the right to protection from bodily restraint, harm, or personal insult, secured by California Civil Code Section 43;

h. the right to be free of racial profiling by law enforcement, secured by California Penal Code Section 13519.4.

58. In doing the things herein alleged, Defendants acted with the particular purpose of depriving Plaintiffs of the enjoyment of the interests protected by the above-listed rights and/or in reckless disregard of these constitutional and statutory rights and guarantees.

59. As a direct and proximate result of Defendants' conduct, Plaintiff suffered injuries and damages as set forth above.

60. Defendant County of Alameda is vicariously liable for the acts and omissions of its employees acting in the course and scope of said employment, pursuant to California Government Code Section 815.2.

61. The conduct of the individual Defendants was malicious and oppressive in that they intended to harm Plaintiffs and deprive them of their rights or their actions were despicable and carried out with a willful and conscious disregard for Plaintiffs' rights and safety, entitling Plaintiffs to punitive damages pursuant to California Civil Code Sections 52.1 and 3294. No punitive damages are being sought against Defendant County of Alameda.

## SEVENTH CAUSE OF ACTION

### Cal. Civ. Code § 51.7

**(Against Defendants Holland, Pope, Leeper, and Does 1-25)**

62. Plaintiffs refer to paragraphs 1-61 of this Complaint and incorporate by reference the allegations of said paragraphs as though expressly set forth at length at this point.

63. In doing the things herein alleged, Defendants committed violent acts against Plaintiffs by physically restraining them, placing them in handcuffs, and forcibly placing them in patrol vehicles.

64. A motivating reason for Defendants' conduct in committing these violent acts was their perception of Plaintiffs' race.

65. As a direct and proximate result of Defendants' conduct, Plaintiff suffered injuries and damages as set forth above.

66. Defendant County of Alameda is vicariously liable for the acts and omissions of its employees acting in the course and scope of said employment, pursuant to California Government Code Section 815.2.

67. The conduct of the individual Defendants was malicious and oppressive in that they intended to harm Plaintiffs and deprive them of their rights or their actions were despicable and carried out with a willful and conscious disregard for Plaintiffs' rights and safety, entitling Plaintiffs to punitive damages pursuant to California Civil Code Sections 52(b)(1) and 3294. No punitive damages are being sought against Defendant County of Alameda.

### EIGHTH CAUSE OF ACTION

### Assault

**(Against Defendants County of Alameda, Holland, Pope, Leeper, and Does 1-25)**

68. Plaintiffs refer to paragraphs 1-67 of this Complaint and incorporate by reference the allegations of said paragraphs as though expressly set forth at length at this point.

69. In doing the things herein alleged, Defendants intentionally, and without consent or legal justification, attempted to make a harmful and/or offensive physical contact with Plaintiffs and thereby placed Plaintiffs in fear of an imminent harmful or offensive contact.

70. As a direct and proximate result of Defendants' conduct, Plaintiffs were harmed.

71. Defendant County of Alameda is vicariously liable for the acts and omissions of its employees acting in the course and scope of said employment, pursuant to California Government Code Section 815.2.

72. The conduct of the individual Defendants was malicious and oppressive in that they intended to harm Plaintiffs and deprive them of their rights or their actions were despicable and carried out with a willful and conscious disregard for Plaintiffs' rights and safety, entitling Plaintiffs to punitive damages pursuant to California Civil Code Section 3294. No punitive damages are being sought against Defendant County of Alameda.

### NINTH CAUSE OF ACTION

### Battery

**(Against Defendants County of Alameda, Holland, Pope, Leeper, and Does 1-25)**

73. Plaintiffs refer to paragraphs 1-72 of this Complaint and incorporate by reference the allegations of said paragraphs as though expressly set forth at length at this point.

74. In doing the things herein alleged, Defendants intentionally, and without consent or legal justification, touched Plaintiffs in a harmful and offensive manner.

75. As a direct and proximate result of Defendants' conduct, Plaintiffs suffered injuries and damages as set forth above.

76. Defendant County of Alameda is vicariously liable for the acts and omissions of its employees acting in the course and scope of said employment, pursuant to California Government Code Section 815.2.

77. The conduct of the individual Defendants was malicious and oppressive in that they intended to harm Plaintiffs and deprive them of their rights or their actions were despicable and carried out with a willful and conscious disregard for Plaintiffs' rights and safety, entitling Plaintiffs to punitive damages pursuant to California Civil Code Section 3294. No punitive damages are being sought against Defendant County of Alameda.

## TENTH CAUSE OF ACTION

### False Arrest and Imprisonment

### (Against All Defendants)

78. Plaintiffs refer to paragraphs 1-77 of this Complaint and incorporate by reference the allegations of said paragraphs as though expressly set forth at length at this point.

79. In doing the things herein alleged, Defendants intentionally arrested and/or detained Plaintiffs without a warrant or other legal justification, and in doing so restrained Plaintiffs, handcuffed them, and placed them in patrol cars against their will, thereby depriving them of their freedom of movement.

80. As a direct and proximate result of Defendants' conduct, Plaintiffs suffered injuries and damages as set forth above.

81. Defendant County of Alameda is vicariously liable for the acts and omissions of its employees acting in the course and scope of said employment, pursuant to California Government Code Section 815.2.

82. The conduct of the individual Defendants was malicious and oppressive in that they intended to harm Plaintiffs and deprive them of their rights or their actions were despicable and

carried out with a willful and conscious disregard for Plaintiffs' rights and safety, entitling Plaintiffs to punitive damages pursuant to California Civil Code Section 3294. No punitive damages are being sought against Defendant County of Alameda.

## ELEVENTH CAUSE OF ACTION

### Invasion of Privacy

**(Against Defendants County of Alameda, Holland, Pope, Leeper, and Does 1-25)**

83. Plaintiffs refers to paragraphs 1-82 of this Complaint and incorporates by reference the allegations of said paragraphs as though expressly set forth at length at this point.

84. During the incident giving rise to this action, Plaintiffs had a reasonable expectation of privacy in their personal affairs, including the contents of their personal belongings such as vehicles, bags, purses, wallets, pocketbooks, cell phones and other electronic devices.

85. In doing the things herein alleged, Defendants intentionally invaded and intruded into Plaintiffs' personal and private affairs by searching their belongings without a warrant or other legal justification.

86. Defendants' invasion of Plaintiff's privacy would have been offensive to any reasonable person.

87. As a direct and proximate result of Defendants' conduct, Plaintiffs were harmed.

88. Defendant County of Alameda is vicariously liable for the acts and omissions of its employees acting in the course and scope of said employment, pursuant to California Government Code Section 815.2.

89. The conduct of the individual Defendants was malicious and oppressive in that they intended to harm Plaintiffs and deprive them of their rights or their actions were despicable and carried out with a willful and conscious disregard for Plaintiffs' rights and safety, entitling Plaintiffs to punitive damages pursuant to California Civil Code Section 3294. No punitive damages are being sought against Defendant County of Alameda.

//
//
//

## TWELFTH CAUSE OF ACTION

### Negligence

### (Against All Defendants)

90. Plaintiffs refer to paragraphs 1-89 of this Complaint and incorporate by reference the allegations of said paragraphs as though expressly set forth at length at this point.

91. The individual Defendants owed Plaintiffs a duty to use reasonable care in connection with the parties' interactions as described herein. In particular, said Defendants had a duty to carefully investigate any criminal activity, to use care to avoid subjecting Plaintiffs to an illegal detention, arrest, use of force, or deprivation of any of the other rights enumerated herein, and to use reasonable care to avoid engaging in biased policing or racial profiling.

92. In doing the things herein alleged, Defendants breached the applicable duty of care by acting unreasonably, carelessly, negligently and/or recklessly.

93. As a direct and proximate result of Defendants' conduct, Plaintiffs suffered injuries and damages as set forth above.

94. Defendant County of Alameda is vicariously liable for the acts and omissions of its employees acting in the course and scope of said employment, pursuant to California Government Code Section 815.2.

95. The conduct of the individual Defendants was malicious and oppressive in that they intended to harm Plaintiffs and deprive them of their rights or their actions were despicable and carried out with a willful and conscious disregard for Plaintiffs' rights and safety, entitling Plaintiffs to punitive damages pursuant to California Civil Code Section 3294. No punitive damages are being sought against Defendant County of Alameda.

### PRAYER

Plaintiffs pray for damages as follows:

a. For compensatory damages in an amount according to proof;

b. For punitive damages against Defendants Holland, Pope, Leeper and Does 1-25 in an amount sufficient to punish their conduct and deter similar conduct in the future, pursuant to 42

U.S.C. Section 1983 and California Civil Code Sections 52.1, 51.7, 52(b)(1), and 3294 (no punitive damages are sought against Defendant County of Alameda);

    c. For an additional award of up to three times the amount of compensatory damages, pursuant to California Civil Code Sections 52(a) and 52.1;

    d. For all applicable statutory penalties, including but not limited to those provided by California Civil Code Sections 51.7, 52, and 52.1;

    e. For attorneys' fees pursuant to 42 U.S.C. Section 1988, California Civil Code Sections 52.1(i) and 52(b)(3), and California Code of Civil Procedure Section 1021.5, and any other applicable authority;

    f. For costs of suit;

    g. For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

Dated: July 13, 2020

LAW OFFICE OF JOSEPH S. MAY
and
GEARINGER LAW GROUP


*Joseph S. May*
By: JOSEPH S. MAY
Attorneys for Plaintiffs