UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

AASYLEI LOGGERVALE; AASYLEI HARDGE-LOGGERVALE; and AAOTTAE LOGGERVALE,

Plaintiffs,

v.

COUNTY OF ALAMEDA; STEVEN HOLLAND; MONICA POPE; KEITH LEEPER; ANTHONY DeSOUSA; CAMERON GALLOWAY; and DOES 1 to 50, inclusive,

Defendants.

No. C 20-04679 WHA

**ORDER GRANTING DISCOVERY OF INTERNAL AFFAIRS REPORT**

In this action under 28 U.S.C. § 1983, parties dispute the discoverability of the internal affairs report relevant to allegedly unlawful arrests and a search by defendants. After *in camera* review, this order finds the internal investigations report is discoverable.

Pursuant to instructions in our case management order, plaintiffs wrote to the Court after meeting and conferring with defendants. The quarrel pertained to a range of discovery materials. A hearing followed. Most issues were resolved by oral order, but defendants were ordered to produce the internal affairs investigation report associated with the incident at issue

for the Court to review.

The standard for whether an internal affairs report may be discovered comes from *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033 (9th Cir.1990), as amended on denial of reh'g (Feb. 27, 1991), as amended on denial of reh'g (May 24, 1991). Such a report is a non-public government record subject to qualified privilege. *Id.* at 1033. This privilege may be overcome. The test requires a court to balance the "potential benefits of disclosure" with "the potential disadvantages. If the latter is greater, the privilege bars discovery." *Id.* at 1033–34.

In *Sanchez*, our court of appeals found that a district court had not plainly erred by denying plaintiffs' request for extensive access to "personnel files to compile their own statistics." In that case, plaintiffs sought the records because they wanted to show a wide practice of race discrimination; the district court reasoned that they could instead rely on discovery of "statistical data of officer employment termination, discipline and compensation." *Id.* at 1034.

Here, the IA report addresses the facts at issue. Specifically, Alameda County Sheriffs pulled up to a silver sedan stopped at a Starbucks parking lot in the early morning. Plaintiffs, all African American women (one a juvenile), occupied the car. Officers had in mind recent unsolved commercial burglaries in the area. Officers believed that the car, and what they could see of the occupant (for they could not see the two others), matched descriptions of the suspects in that string of crimes. The validity of the search and seizure that followed drives the instant case. Plaintiffs bring Section 1983 claims against both the officers who stopped them initially, and against their supervisor. The IA report recaps the events, discusses the internal investigation, and addresses the propriety of officers' actions under department policy. Plaintiffs claim, "Here, there is a strong need for Plaintiff to learn whether and to what extent Defendant County of Alameda investigated Plaintiffs' internal affairs complaint, since Plaintiffs' Monell claim is based on, inter alia, the County's approval and ratification of the Defendants' unconstitutional conduct" (Dkt. No. 20 at 2). They also allege excessive use of force and assault. The IA report is directly relevant.

1   For their part, defendants argue that the "internal assessment . . . is an inadmissible opinion
2   and remedial measure that cannot lead to admissible evidence." The first clause of their objection
3   will be decided before trial. This order rejects the second clause; the IA report may lead to
4   admissible witness testimony, for example. Defendants protest that discovering this document
5   could chill frank discussion. This potential harm is outweighed by the relevance of the document
6   and off-set by the ongoing protective order (Dkt. 23 at 2).

7   Many district courts follow the test laid out in the non-binding decision *Kelly v. City of*
8   *San Jose*, 114 F.R.D. 653, 669 (N.D. Cal. 1987) (Judge Wayne D. Brazil), to determine whether
9   to compel production of various internal affairs documents. Before courts conduct the
10  necessary balancing test that is "moderately pre-weighted in favor of disclosure," the party
11  claiming official information privilege must do so by name and meet the threshold requirements
12  for showing privilege. *Ibid.* The invocation of privilege must appear in a declaration or
13  affidavit from an official at the affected agency who has personal knowledge of the matters at
14  issue and is directly involved. *Id.* at 669–70. The declaration must include *all* of the below:

> (1) an affirmation that the agency generated or collected the material in issue and has in fact maintained its confidentiality (if the agency has shared some or all of the material with other governmental agencies it must disclose their identity and describe the circumstances surrounding the disclosure, including steps taken to assure preservation of the confidentiality of the material), (2) a statement that the official has personally reviewed the material in question, (3) a specific identification of the governmental or privacy interests that would be threatened by disclosure of the material to plaintiff and/or his lawyer, (4) a description of how disclosure subject to a carefully crafted protective order would create a substantial risk of harm to significant governmental or privacy interests, (5) and a projection of how much harm would be done to the threatened interests if the disclosure were made.

*Id.* at 670. Plaintiffs state that defendants did not produce a *Kelly* affidavit. Defendants do not contest plaintiffs' claim and no affidavit was attached to defendants' letter regarding the discovery dispute. Therefore, this order cannot reach the other *Kelly* factors.

3

1  Defendants shall produce the internal affairs report to plaintiffs no later than **FEBRUARY 3,**
2  **2021,** AT NOON.

4  **IT IS SO ORDERED.**

6  Dated:  February 1, 2021.

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE