Kevin E. Gilbert, Esq. (SBN: 209236)
kgilbert@ohhlegal.com
Christopher R. Creech, Esq. (SBN: 293037)
ccreech@ohhlegal.com
**ORBACH HUFF + HENDERSON LLP**
6210 Stoneridge Mall Road, Suite 210
Pleasanton, California 94588
Telephone:  (510) 999-7908
Facsimile:  (510) 999-7918

Attorneys for Defendants
COUNTY OF ALAMEDA, STEVEN HOLLAND, MONICA POPE, KEITH LEEPER, ANTHONY DeSOUSA and CAMERON GALLOWAY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AASYLEI LOGGERVALE; AASYLEI HARDGE-LOGGERVALE; and AAOTTAE LOGGERVALE,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF ALAMEDA; STEVEN HOLLAND; MONICA POPE; KEITH LEEPER; ANTHONY DeSOUSA; CAMERON GALLOWAY; and DOES 1 to 50, inclusive,<br><br>Defendants. | Case No. 20-cv-04679-WHA<br><br>**DEFENDANTS COUNTY OF ALAMEDA, STEVEN HOLLAND, MONICA POPE, KEITH LEEPER, ANTHONY DeSOUSA AND CAMERON GALLOWAY'S MOTION FOR RECONSIDERATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** |

# TABLE OF CONTENTS

**Page(s)**

I. Introduction ........................................................................................................................ 1

II. Did the Automobile Exception to the Warrant Requirement Permit a Search for *Each of* the Plaintiffs' Identifications ................................................................... 1

    A. Plaintiffs Refusal to Provide Identification ............................................................ 2

    B. Identifying Mother was Relevant to the Investigation ........................................... 3

    C. Identifying Daughters Was Relevant to the Investigation ..................................... 3

III. If the Search was Unlawful, was the Illegality of the Search Clearly Established Under the Automobile Exception ........................................................................................ 5

IV. Conclusion ........................................................................................................................... 5

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Abdel-Shafy v. City of San Jose*,
  No. 17-CV-07323-LHK, 2019 WL 570759 (N.D. Cal. Feb. 12, 2019)...................................4

*Arizona v. Gant*,
  556 U.S. 332 (2009)...........................................................................................................1

*Boyd v. Benton Cty.*,
  374 F.3d 773 (9th Cir. 2004)..............................................................................................5

*Cady v. Sheahan*,
  467 F.3d 1057 (7th Cir. 2006)............................................................................................5

*City of Tahlequah, Oklahoma v. Bond*,
  No. 20-1668, 2021 WL 4822664 (U.S. Oct. 18, 2021).......................................................5

*Hiibel v. Sixth Jud. Dist. Ct.*,
  542 U.S. 177 (2004).......................................................................................................3, 4

*Kuhlken v. Cty. of San Diego*,
  764 F. App'x 612 (9th Cir. 2019).......................................................................................3

*Lipton v. United States*,
  348 F.2d 591 (9th Cir. 1965).............................................................................................3

*Lull v. Cty. of Sacramento*,
  No. 217CV1211TLNEFBPS, 2018 WL 1108747 (E.D. Cal. Mar. 1, 2018) ......................4

*Maryland v. Wilson*,
  519 U.S. 408 (1997)...........................................................................................................4

*Messerschmidt v. Millender*,
  565 U.S. 535 (2012).......................................................................................................4, 5

*Nakamura v. City of Hermosa Beach*,
  2009 WL 1445400 (C.D. Cal. May 20, 2009)................................................................4, 5

*United States v. Brown*,
  470 F.2d 1120 (9th Cir. 1972)...........................................................................................5

*United States v. Christian*,
  356 F.3d 1103 (9th Cir. 2004)...........................................................................................4

*United States v. Landeros*,
  913 F.3d 862 (9th Cir. 2019).............................................................................................4

ORBACH HUFF + HENDERSON LLP

# TABLE OF AUTHORITIES

**Page(s)**

*United States v. Lopez,*
    482 F.3d 1067 (9th Cir. 2007) ................................................................................................4

*United States v. Rodgers,*
    656 F.3d 1023 (9th Cir. 2011) .............................................................................................2, 5

*United States v. Ross,*
    456 U.S. 798 (1982) ...............................................................................................................1

*Zurcher v. Stanford Daily,*
    436 U.S. 547 (1978) ...............................................................................................................1

**State Cases**

*In re Arturo D.,*
    27 Cal.4th 60 (2002) ......................................................................................................1, 2, 5

*People v. Lopez,*
    8 Cal.5th 353 (2019) ..............................................................................................................1

*People v. Redd,*
    48 Cal.4th 691 (2010) ............................................................................................................3

**State Statutes**

Cal. Penal Code § 148(a)(1) ..........................................................................................................3, 4

Cal. Penal Code § 243(b) ...................................................................................................................4

Cal. Veh. Code § 305 .........................................................................................................................3

Cal. Veh. Code § 12951 .....................................................................................................................3

Cal. Veh. Code § 22511.56(a) ............................................................................................................3

Cal. Veh. Code § 22511.56(b) ............................................................................................................3

Vehicle Code sections 12951, 22511.56(a), 22507.8 and 22511.5 .....................................................3

Defendants Deputy Steven Holland and Deputy Monica Pope ("Defendants" or "Deputies") submit this Motion for Reconsideration of the Court's Order re Cross Motions for Summary Judgment ("Order") (Dkt. 106).

## I. Introduction

As confirmed by established precedent, the vehicle exception allows a search for identification where a suspect refuses to provide sufficient information for identification. However, that exception was not addressed by the Court when it ruled the Deputies' limited search for identification was unlawful. Accordingly, Defendants request the Court reconsider its prior ruling and instead grant summary judgment against Plaintiffs' unlawful search claim.

## II. Did the Automobile Exception to the Warrant Requirement Permit a Search for *Each of* the Plaintiffs' Identifications[1]

With probable cause to believe a vehicle contains an item, the vehicle exception "justifies the search of every part of the vehicle and its contents that may conceal the object of the search." *United States v. Ross*, 456 U.S. 798, 825 (1982). As the High Court has explained:

> The critical element in a reasonable search is not that the owner of the property is suspected of crime but that there is reasonable cause to believe that the specific "things" to be searched for and seized are located on the property to which entry is sought.

*Zurcher v. Stanford Daily*, 436 U.S. 547, 556 (1978). Thus, the vehicle exception "allows searches for evidence *relevant* to offenses other than the offense of arrest." *Arizona v. Gant*, 556 U.S. 332, 347 (2009) (emphasis added). Indeed, the California Supreme Court has expressly authorized an officer to conduct a limited vehicle search for identification where a suspect refuses to provide such information. *In re Arturo D.*, 27 Cal.4th 60, 78 (2002).[2] In describing the *Arturo D.* holding in his dissent, Justice Kennard stated, "…whenever a police officer detains a motorist for a traffic infraction and the motorist fails to produce a driver's license or car registration, ***the officer may search those areas of the vehicle where such***

---

[1] The legal arguments herein track the questions posed in the Court's Order. Dkt. 111, 1:19-21.
[2] The *Arturo D.* decision was narrowed by *People v. Lopez*, 8 Cal.5th 353, 381 (2019), which was decided approximately two months after the incident giving rise to this litigation.

- 1 -

*documentation 'reasonably may be expected to be found.*'" 27 Cal.4th at 94. Emphasis added.

This issue was also addressed in *United States v. Rodgers*, 656 F.3d 1023 (9th Cir. 2011). While the search in *Rodgers* was ultimately deemed unlawful under the vehicle exception, the Court's analysis is instructive: "[w]hat is missing in the search [for passenger's identification] is any specific particularized fact indicating that [passenger] had identification and that such identification was located in [driver's] car." *Id*. at 1029. Here, the Deputies had reason to believe Plaintiffs' identification would be in their purses, especially given Plaintiffs' statements that they were returning from out of state. This is precisely what *Rodgers* requires for a vehicle exception search, especially given Plaintiffs' refusal to provide identification.

### A. Plaintiffs Refusal to Provide Identification

Each of the Plaintiffs refused to identify themselves, as depicted on the videos of the incident. Mother not only refused to provide identification (e.g., Dkt. 92-1 ("Holland Dec."), Ex. A at 2:48-2:54) but also admitted to refusing the requests (Dkt. 92-6 ("Gilbert Dec."), Ex. T at 2:6-10). Aasylei refused to provide even her name. Dkt. 94-1 ("May Dec."), Ex. W at 9:36-9:46; 10:52-11:00. Aaottae similarly refused requests for her name. Dkt. 92-2 ("Pope Dec."), Ex. E at 18:08-18:12; 18:20-18:24. While Aaottae eventually provided her first name, she refused to provide her last name. *Id*. at 18:35-18:40. When asked to spell her name, Aaottae refused but indicated her information was on her student identification, which Deputy Pope then retrieved. *Id*. at 18:38-58. While yelling at the Deputies, Aaottae once mentioned the month and day of her birth (but not the year). Unfortunately, Deputy Pope did not hear it, and Aaottae thereafter refused the further requests for her birthdate. *Id*. at 19:58-20:20; Dkt. 92-4 ("Galloway Dec."), Ex. G at 3:50-4:00; 4:03-4:05; 4:17-4:30.

Given the lack of identification for Plaintiffs, the Deputies conducted a limited search of the area where each identification was likely to be found. See Holland Dec., ¶¶ 51, 53; Pope Dec., ¶¶ 39-41; accord Holland Dec., Ex. A at 10:20-11:20; 11:55-12:13; 14:18-14:34 (Mother's I.D.); Pope Dec., Ex. E at 15:56-16:25 (Aasylei's I.D.); 19:06-19:45 (Aaottae's I.D.). Mother's identification was located in her purse that she reached for while confirming that she had identification (Holland Dec., Ex. A at 1:07-1:11; 2:46-2:58) and where she told Deputy Holland

- 2 -

Defs' Motion for Reconsideration; Memo of P&A [20-cv-04679-WHA]

her identification was located (*id*. at 11:55-12:13).  Aaottae similarly advised Deputy Pope where her student identification could be found (Pope Dec., Ex. E at 18:30-19:00).  While Aasylei declined to disclose where her I.D. was, Deputy Pope believed Aasylei would not have left her identification in Nevada.  Rather, she opined that it was likely in the purse next to where Aasylei had been seated in the vehicle.  See Pope Dec. at ¶¶ 39-41.

**B.     Identifying Mother was Relevant to the Investigation**

Even while parked off-street, a driver "in the immediate control of an automobile" must provide a license upon demand.  *People v. Redd*, 48 Cal.4th 691, 719 (2010); Cal. Veh. Code § 12951; accord Cal. Veh. Code § 305 (defining driver as "a person who drives *or is in actual physical control of a vehicle*").  Failure to produce identification justifies an arrest.  E.g., *Lipton v. United States*, 348 F.2d 591, 594 (9th Cir. 1965).  While parked in a disabled stall, Mother was also required to produce her license and proof of placard issuance (Cal. Veh. Code § 22511.56(a)), and a refusal with the present ability to comply justifies a presumption the placard is being misused in violation of sections 22507.8 and 22511.5 (Cal. Veh. Code § 22511.56(b)).  Moreover, willful refusal obstructs an investigation under California Penal Code section 148(a).  *Kuhlken v. Cty. of San Diego*, 764 F. App'x 612, 613 (9th Cir. 2019).  Mother also resisted Deputy Holland's attempts to have her exit the car, battered him with her door and was required to be identified for any potential prosecution for violations of Penal Code section 148(a)(1) and 243(b).  Identification is an element of any offense, including Mother's violations of California Penal Code sections 148(a)(1), 243(b) and Vehicle Code sections 12951, 22511.56(a), 22507.8 and 22511.5.  See, e.g., *Hiibel*, 542 U.S. at 191 ("In every criminal case, it is known and must be known who has been arrested and who is being tried.").

**C.     Identifying Daughters Was Relevant to the Investigation**

As the Supreme Court has explained, the relevant question is not whether Plaintiffs' identification would itself establish a violation of law.  To the contrary:

> The Fourth Amendment does not require probable cause to believe evidence will conclusively establish a fact before permitting a search, but only "probable cause ... to believe that the evidence sought *will aid* in a particular apprehension or conviction."

- 3 -

Defs' Motion for Reconsideration; Memo of P&A [20-cv-04679-WHA]

*Messerschmidt v. Millender*, 565 U.S. 535, 552 fn.7 (2012) (emphasis in original) (granting qualified immunity where officer reasonably believed *evidence would aid in prosecution*). Obtaining a suspect's identification "has an immediate relation to the purpose, rationale, and practical demands of a *Terry* stop" and "serves important government interests":

> Knowledge of identity may inform an officer that a suspect is wanted for another offense, or has a record of violence or mental disorder. On the other hand, knowing identity may help clear a suspect….

*Hiibel v. Sixth Jud. Dist. Ct.*, 542 U.S. 177, 186-188 (2004). The Ninth Circuit similarly holds that identifying a suspect goes "to the heart of *Terry*" by allowing officers to, among other things, "fully investigat[e]," "relocate the suspect in the future," and "protect[] the officer from harm" through a criminal history check. *United States v. Christian*, 356 F.3d 1103, 1106-1107 (9th Cir. 2004). Obtaining each Plaintiffs' identification clearly aided in the investigation.

Daughters' identification was also relevant to their own violations. While obtaining a passenger's identification is not automatically the focus of a stop, it is permitted if there is reasonable suspicion against them. *United States v. Landeros*, 913 F.3d 862, 868 (9th Cir. 2019). By the time the Deputies asked for their identification (and prior to the limited vehicle search), (1) Aasylei had struck Deputy Pope with her door (Cal. Penal Code § 243(b)), (2) both Daughters had refused numerous orders under *Maryland v. Wilson*, 519 U.S. 408, 410 (1997) to return to the vehicle (Cal. Penal Code § 148(a)(1)) and (3) both Daughters had resisted their detention, including Aaottae's use of her feet to stop the Deputies from securing her in a patrol car (Cal. Penal Code § 148(a)(1)). Accurate identification is an element of any crime and must be known so charges can be drawn against a suspect. *Hiibel*, 542 U.S. at 191 Identifying Daughters was necessary for any potential prosecution. In addition to a driver's obligation to produce identification, *all suspects* must disclose their identity during a *Terry* stop (*United States v. Lopez*, 482 F.3d 1067, 1078 (9th Cir. 2007)), and refusal to do so violates Penal Code section 148(a). *Nakamura v. City of Hermosa Beach*, 2009 WL 1445400, at *8 (C.D. Cal. May 20, 2009), *aff'd*, 372 F. App'x 787 (9th Cir. 2010); *Abdel-Shafy v. City of San Jose*, No. 17-CV-07323-LHK, 2019 WL 570759, at *7 (N.D. Cal. Feb. 12, 2019); *Lull v. Cty. of Sacramento*, No.

1  217CV1211TLNEFBPS, 2018 WL 1108747, at *8 (E.D. Cal. Mar. 1, 2018), adopted in

2  pertinent part, 2018 WL 1569433 (E.D. Cal. Mar. 30, 2018).

### III. If the Search was Unlawful, was the Illegality of the Search Clearly Established Under the Automobile Exception

"It is not enough that a rule be suggested by then-existing precedent; the rule's contours must be so well defined that it is clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *City of Tahlequah, Oklahoma v. Bond*, No. 20-1668, 2021 WL 4822664, at *2 (U.S. Oct. 18, 2021) (quotations omitted). Existing precedent at the time expressly "permits limited warrantless searches of areas within a vehicle where [identification] reasonably may be expected to be found." *In re Arturo D.*, 27 Cal. 4th at 65.[3] Combined with the Supreme Court's holding that a search for evidence is lawful so long as it "will aid" in the investigation *Messerschmidt*, 565 U.S. at 553, any reasonable officer would have concluded that a limited vehicle search for Plaintiffs' identification was lawful. Furthermore, the Ninth Circuit at least implied the vehicle exception can justify a search for identification if there is cause to believe identification is in the car. *Rodgers*, 656 F.3d at 1029; accord *Cady v. Sheahan*, 467 F.3d 1057, 1063 (7th Cir. 2006) (reasonable to search for identification suspect refused to provide); *United States v. Brown*, 470 F.2d 1120, 1122 (9th Cir. 1972) (failure to produce license justified "identification inspection" by searching vehicle). Indeed, at least one court has concluded "a reasonable officer would not be clear that searching for identification was unlawful." *Nakamura*, 2009 WL 1445400, at *11, aff'd, 372 F. App'x 787.

### IV. Conclusion

Defendants respectfully request that the Court reconsider and reverse its Order, instead finding that the Deputies' limited search for identification was lawful under the vehicle exception to the warrant requirement. Pursuant thereto, Defendants further request the Court grant Defendants' Motion for Summary Judgment and confirm that the limited search for Plaintiffs' identification was lawful.

---

[3] Where the United States Supreme Court or Ninth Circuit have not clearly and contrarily determined an issue, decisions of a State Supreme Court can establish qualified immunity. *Boyd v. Benton Cty.*, 374 F.3d 773, 781 (9th Cir. 2004).

ORBACH HUFF + HENDERSON LLP

| | |
|---|---|
| Dated: October 22, 2021 | Respectfully submitted,<br>**ORBACH HUFF + HENDERSON LLP**<br><br>By: /s/ *Kevin E. Gilbert*<br>       Kevin E. Gilbert<br>       Christopher R. Creech<br>       Attorneys for Defendants<br>       COUNTY OF ALAMEDA, STEVEN HOLLAND, MONICA POPE, KEITH LEEPER, ANTHONY DeSOUSA and CAMERON GALLOWAY |