UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AASYLEI LOGGERVALE, AASYLEI HARDGE-LOGGERVALE, and AAOTTAE LOGGERVALE,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF ALAMEDA, STEVEN HOLLAND, MONICA POPE, KEITH LEEPER, ANTHONY DESOUSA, and DOES 1-50, inclusive, | No. C 20-04679 WHA<br><br>**ORDER ON RECONSIDERATION RE CROSS MOTIONS FOR SUMMARY JUDGMENT** |

Our initial order re summary judgment failed adequately to address defendants' argument that the automobile exception to the warrant requirement permitted deputies to search plaintiffs' car (Dkt. No. 106). This order does so now. Our prior order granting summary judgment to plaintiffs is **VACATED** as to that issue. Cross motions for summary judgment as to the search are now both **DENIED**.

The automobile exception allows warrantless searches when officers possess probable cause to believe evidence of a crime or contraband will be found in a car. *See United States v. Ross*, 456 U.S. 798, 807–08 (1982). Here, plaintiffs' identifications purportedly evinced Mrs. Loggervale's violations of Vehicle Code Sections 12951 or 22511.56(a). As stated, whether probable cause of those violations existed must go to a jury. The identifications also supposedly evinced Penal Code Section 148(a)(1) (resisting arrest, as to all plaintiffs). If deputies unlawfully detained plaintiffs, however, they were not performing lawful "duties," so probable cause of resisting arrest cannot follow. *Blankenhorn v. City of Orange,* 485 F.3d 463,

472 (9th Cir. 2007) (cleaned up).  As for Penal Code Section 243(b) (battery on an officer) by Aayslei and Mrs. Loggervale, video does not show the contact.  A reasonable jury could find Mrs. Loggervale did not willfully touch Deputy Holland with the door or her arm and/or that any touch by either plaintiff was not harmful or offensive — willful touching and a harmful or offensive manner being two essential elements.  *See* CALCRIM. No. 945 (2020) (Holland Decl. ¶¶ 47–49; Exh. A at 6:20–7:25; Pope Decl. ¶¶ 39–41; Exh. E at 4:00–6:00).  Were a reasonable jury to so find, it could conclude no probable cause existed.  It was clearly established that lacking probable cause of any crime, the automobile exception could not justify the search.  *See United States v. Cervantes*, 703 F.3d 1135, 1140 (9th Cir. 2012); *see also United States v. Job*, 871 F.3d 852, 862 (9th Cir. 2017).  Lacking probable cause of the location of the identifications, it was also clearly established that searching for Aayslei and Aaottae's identifications was unlawful.  *See United States v. Rodgers*, 656 F.3d 1023, 1029 (9th Cir. 2011).  In short, there remain "question[s] of fact best resolved by a jury," which preclude summary judgment on qualified immunity for the search.  *Wilkins v. City of Oakland*, 350 F.3d 949, 955 (9th Cir. 2003).

Summary judgment to plaintiffs is also **DENIED**.  If officers lawfully insisted on Mrs. Loggervale's identification, then a jury could find there existed probable cause for one or more violations.  Plaintiffs have failed to show that identification cards *cannot* constitute "evidence" of those offenses; some authority suggests the opposite.  *See Messerschmidt v. Millender*, 565 U.S. 535, 552 n.7 (2012).

To be clear, all other issues resolved by the order at Dkt. No. 106 remain unaffected.

**IT IS SO ORDERED.**

Dated:  November 16, 2021.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2