UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AASYLEI LOGGERVALE, AASYLEI HARDGE-LOGGERVALE, and AAOTTAE LOGGERVALE,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF ALAMEDA, STEVEN HOLLAND, MONICA POPE, KEITH LEEPER, ANTHONY DESOUSA, CAMERON GALLOWAY, and DOES 1-50, inclusive,<br><br>Defendants. | No. C 20-04679 WHA<br><br>**ORDER RE MOTIONS TO SEAL** |

Our federal courts belong to the people. The public has every right and every interest in looking over our shoulders to see why and how we grant relief (or not) and specifically what record justified (or not) the relief. This is equally, if not more, true as to municipal defendants as to private-party defendants. So, our court of appeals has recognized a strong presumption of public access to our records. Sealing a record requires, without "hypothesis or conjecture," a compelling factual basis that *outweighs the public interest in disclosure*. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016) (emphasis added); *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006).

Plaintiffs, because of defendants' privacy designations, move to file under seal certain filings. Because the records listed below go to the essential elements of all claims, sealing

requires compelling reasons.  (Contrary to defendants' argument, the *Monell* claims render essential the training records and records of the internal affairs investigation.)

The motions to seal are **GRANTED IN PART AND DENIED IN PART**, as indicated below. The Court previously ruled on the confidentiality of "investigation reports" referenced below but summary judgment has now made much of that information critical to the essential elements and our orders' decisions (*see* Dkt. No. 49 at 6).  Defendants, for instance, made much of the Big Five investigations during our hearing (September 9, 2021, Tr. at 20).

By now *each and every one of defendants' declarations in support of their protective order* have been filed late. With respect to Dkt. No. 74, the administrative motion to seal was filed May 27; the declaration in support was filed June 10 (Dkt. No. 80).  This is the second time a declaration in support was filed late (*see also* Dkt. No. 49, discussing this).  Plaintiffs' further administrative motion to seal at Dkt. No. 93 was filed August 19, 2021, but the third affidavit in support at Dkt. No. 97 was filed late, on August 26, 2021.  Again, however, *some* of defendants' requests are saved by the fact that a prior order herein agreed with defendants that certain items should remain under seal (Dkt. No. 49 at 6).

Others may not.  Since our order at Dkt. No. 49, defendants have made a central issue out of whether deputies had reasonable suspicion to detain plaintiffs based upon the facts contained in prior investigation reports.  Having considered the factors identified in *Glenmede Trust Co. v. Thompson,* 56 F.3d 476 (3d Cir. 1995), this order finds with respect to the investigation reports previously allowed to be maintained under seal, that public interest favors disclosure (of all but PII).

| FILES | RULING AND/OR PORTIONS PERMITTED TO BE REDACTED |
|---|---|
| Plaintiffs' Unredacted Motion for Partial Summary Judgment | Defendants have made a central issue out of whether deputies had reasonable suspicion to detain plaintiffs based upon the facts contained in those prior investigations.  Plaintiffs simply elaborate on defendants' overbroad claims of reasonable suspicion based upon prior investigations.  As for the claims about training and internal affairs investigations, these |

2

|  |  |
|---|---|
|  | were not addressed Furthermore, defendants filed their declaration in support late.  Procedurally and substantively, this request to seal fails.<br><br>\_\_\_\_\_ Under Seal<br>\_\_\_X\_\_\_ Publicly |
| Exhibit A (transcript and incident report) to Declaration of Joseph S. May | This order discusses only defendants' stated justification for sealing (*see* Dkt. No. 80), though others may apply.  Notwithstanding "sporadic" mention of prior investigations, the deposition transcript of Deputy Holland is central to the case.  Also, again, defendants did not timely fulfill their obligation to designate this deposition transcript as confidential.<br><br>Nevertheless, this order reaches the merits.  Lacking good cause to the contrary, filing this under seal will not be permitted, except as to personal identifying information (*i.e.* only driver's license numbers, email and physical addresses, phone numbers, social security numbers, dates of birth, and signatures) in either component of Exhibit A, the transcript or the incident report.  *See* CAND L.R. 79-5(e).<br><br>_____ Under Seal<br>\_\_\_X\_\_\_ Publicly |
| Exhibits C and E to Declaration of Joseph S. May | Personal identifying information, as described above, may be "redacted" from this footage via blurring.  **The blurred version must be lodged with the court.**<br><br>\_\_\_\_\_ Under Seal<br>\_\_\_ X \_\_\_ Publicly |
| Exhibit K, L, N, O and P to Declaration of Joseph S. May | Defendants did not timely file a support declaration.  This is Deputy Pope's body camera footage.  Personal identifying information (if any) must be bleeped or blurred from this footage, as described above.<br><br>_____ Under Seal<br>\_\_\_X\_\_\_ Publicly |
| Exhibit Q to Declaration of Joseph S. May | Personal identifying information (if any) must be bleeped or blurred from this footage.<br><br>\_\_\_\_\_ Under Seal<br>\_\_\_ X \_\_\_ Publicly |

3

With respect to Dkt. No. 93, plaintiff's motion to file under seal related to their opposition to defendants' motion for summary judgment, we previously granted disclosure of certain records subject to a protective order, and we continue to weigh the potential harm due to disclosing information related to unsolved alleged crimes, personnel records, and IA investigations.

As to the IA investigation report, our order has been required to discuss the IA investigation report and Sheriff Ahern's note written on it in order to rule on plaintiff's claims and defendants' defenses. To this extent, good cause requires only minimal disclosure. *See In re Roman Catholic Archbishop of Portland in Oregon,* 661 F.3d 417, 424 (9th Cir. 2011). As for the personnel records, the same interest to the public or centrality to the proceedings does not outweigh the interest in privacy.

| | |
|---|---|
| Unredacted Opposition to Defendants' Motion for Summary Judgment | Only the following portions only may be filed under seal:<br><br>P. 2: 5 (from "stole items" through but not including "daughter.")<br><br>P. 2: 8–9 ("The . . ." up to but not including "informed.")<br><br>P.8:11–13.<br>P. 8: 24–25.<br><br>17: 19–21 ("Lieutenant . . . deputies.)<br>19: 14–15, 22–23<br>20: 2–5 |
| Exhibit R to Declaration of Joseph S. May | Since all parties have made the other investigation reports part of the critical issue, only personal identifying information may be redacted (*i.e.* only driver's license numbers, email and physical addresses, phone numbers, social security numbers, dates of birth, and signatures). *See* CAND L.R. 79-5(e).<br><br>_____ Under Seal<br>___X_____ Publicly |

4

| | |
|---|---|
| Exhibit S to Declaration of Joseph S. May | Personal identifying information, as described above, may be "redacted" from this footage via blurring.<br><br>_____ Under Seal<br>___ X ___ Publicly |
| Exhibit X to Declaration of Joseph S. May | Per our order at Dkt. No. 49, the exhibit may be filed<br><br>___X___ Under Seal<br>_____ Publicly |
| Exhibit Y to Declaration of Joseph S. May, and Exhibit EE to Declaration of Kevin E. Gilbert (Dkt. No. 98) | Per our order at Dkt. No. 49, the exhibit may be filed<br><br>___X___ Under Seal<br>_____ Publicly |
| Exhibit Z to Declaration of Joseph S. May (pp. 89-90 only) | Per our order at Dkt. No. 49, pp. 89–90 may be filed<br><br>___X___ Under Seal<br>_____ Publicly |
| Exhibits AA and BB to Declaration of Joseph S. May | Exhibit AA contains IA investigation procedures. With the exception of the single sentence quoted in our order, the portions sought to be sealed may be redacted. Exhibit BB is the Internal Affairs Memorandum. The writing by sheriff Ahern and the memo's conclusion must be filed publicly. The remainder may be redacted. |
| Exhibit CC to Declaration of Joseph S. May (Ex. 35 only) | This exhibit is the deposition transcript of Sgt. Jimmy Martinez, defendant's "Person Most Knowledgeable regarding police academy training on race discrimination and racial profiling." This deposition discusses hypotheticals loosely based on the prior investigations of burglaries. Defendants have made the prior burglaries a core issue of their motion for summary judgment, which is also relevant to the dispute over training on race discrimination. This information is of value to the public, and central to the decision. The motion is **DENIED**.<br><br>_____ Under Seal<br>___X___ Publicly |
| Exhibit EE to Supplemental Declaration of Kevin E. Gilbert (Dkt. No. 98) | Per our order at Dkt. No. 49, the exhibit may be filed<br><br>___X___ Under Seal<br>_____ Publicly |
| Exhibit FF to Supplemental Declaration of Kevin E. Gilbert (Dkt. No. 98) | Per our order at Dkt. No. 49, the exhibit may be filed<br><br>___X___ Under Seal<br>_____ Publicly |

5

| | |
|---|---|
| Exhibit GG to Supplemental Declaration of Kevin E. Gilbert (Dkt. No. 98) | Per our order at Dkt. No. 49, the exhibit may be filed<br><br>\_\_\_X\_\_\_ Under Seal<br>_____ Publicly |

**IT IS SO ORDERED.**

Dated: November 29, 2021.

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE