Joseph S. May   SBN 245924
LAW OFFICE OF JOSEPH S. MAY
1388 Sutter Street, Suite 810
San Francisco, CA 94109
Tel: (415) 781-3333
Fax: (415) 707-6600
joseph@josephmaylaw.com

Brian Gearinger   SBN 146125
GEARINGER LAW GROUP
740 Fourth Street
Santa Rosa, CA 95404
Tel: (415) 440-3102
brian@gearingerlaw.com

Craig M. Peters   SBN 184018
ALTAIR LAW
465 California Street, 5th Floor
San Francisco, CA 94104-3313
(415) 988-9828
cpeters@altairlaw.us

Attorneys for Plaintiffs
AASYLEI LOGGERVALE,
AASYLEI HARDGE-LOGGERVALE, and
AAOTTAE LOGGERVALE

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO-OAKLAND DIVISION

| | |
|---|---|
| AASYLEI LOGGERVALE; AASYLEI HARDGE-LOGGERVALE; and AAOTTAE LOGGERVALE,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF ALAMEDA; STEVEN HOLLAND; MONICA POPE; and DOES 1 to 50, inclusive,<br><br>Defendants. | CASE NO. C20-4679-WHA<br><br>**PLAINTIFFS' MOTION FOR PRE-JUDGMENT INTEREST, POST-JUDGMENT INTEREST, AND STATUTORY PENALTY (FRCP 59(e))**<br><br>Date:     April 27, 2023<br>Time:    8:00 a.m.<br>Place:    450 Golden Gate Ave., Courtroom 12<br>             San Francisco, CA 94102<br><br>Action Filed: July 14, 2020<br>Trial Date:    February 13, 2023 |

1

# NOTICE OF MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Please take notice that on April 27, 2023, at 8:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 12, 19th Floor, of the above-entitled Court, located at 450 Golden Gate Ave., San Francisco, California, Plaintiffs Aasylei Loggervale, Aasylei Hardge-Loggervale, and Aaottae Loggervale will and hereby do move to amend the Judgment to include prejudgment interest, post-judgment interest, and a statutory penalty under the California Bane Act, Civil Code section 52.1.

This motion will be made on the grounds that (1) the Court has discretion to award prejudgment interest from the date of injury through the date of Judgment; (2) Plaintiffs are entitled to post-judgment interest on a Final Judgment, pursuant to 28 U.S.C. Section 1961, at the rate of 5.06%; and (3) Plaintiffs each are entitled to a civil penalty of $25,000 pursuant to California Civil Codes section 52.1 (allowing all damages awardable under section 52) and section 52(b)(2) (providing for the civil penalty).

The motion is based on this notice of motion, the following memorandum of points and authorities, the declaration filed herewith, and on such other evidence as may be presented at or before the hearing.

Dated: March 15, 2023

LAW OFFICE OF JOSEPH S. MAY
and
GEARINGER LAW GROUP
and
ALTAIR LAW LLP

*/s/ Joseph S. May*
By: JOSEPH S. MAY
Attorneys for Plaintiffs

2

Loggervale v. County of Alameda et al., Case No. C20-4679-WHA
PLAINTIFFS' MOTION FOR INTEREST AND STATUTORY PENALTY (FRCP 59(e))

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. FACTS

Plaintiffs filed this lawsuit against Defendants alleging violation of civil rights and other claims. All three Plaintiffs prevailed at trial against Defendants Holland and the County of Alameda on, *inter alia*, claims under 42 U.S.C. Section 1983 and the California Bane Act. *See* Dkt. 237. Plaintiffs Aasylei Hardge-Loggervale and Aaottae Loggervale also prevailed against Defendants Monica Pope and County of Alameda under 42 U.S.C. Section 1983. *See* Dkt. 237. The total amount awarded to each Plaintiff was $2,750,000.

## II. ARGUMENT

### A. The Court May Award Plaintiffs Prejudgment Interest

#### 1. *Availability of Prejudgment Interest*

The Supreme Court favors awards of prejudgment interest: "we have repeatedly stated that prejudgment interest is an element of plaintiff's complete compensation." *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 175 (1989); *accord GM Corp. v. Devex Corp.*, 461 U.S. 648, 655–56, (1983); *Jacobs v. United States*, 290 U.S. 13, 17 (1933); *see also Golden State Transit Corp. v. City of Los Angeles*, 773 F. Supp. 204, 210–12 (C.D. Cal. 1991) (hereafter "*Golden State*") (collecting Ninth Circuit cases); *In re Oracle Sec. Litig.*, 132 F.R.D. 538, 547 (N.D. Cal. 1990) (noting presumption that federal claims favor award of prejudgment interest against loser to eliminate penalty for delay); *cf. General Motors Corp. v. Devex Corp.*, 461 U.S. 648, 655 n.10 (1983) (noting that denial of prejudgment interest "may . . . grant a windfall to the infringer and create an incentive to prolong litigation").

"Awards of prejudgment interest are governed by considerations of fairness." *United States v. Cal. State Bd. of Equalization*, 650 F.2d 1127, 1132 (9th Cir .1981); *Blau v. Lehman*, 368 U.S. 403, 414 (1962) ("It is denied when its exaction would be inequitable."); *see generally Osterneck, supra*, 489 U.S. at 991 (identifying equitable factors). It "compensates the injured party for the loss of the use of money he otherwise would have had" and avoids the unfairness of allowing the debtor to use money when it should have been in the hands of the victor. *Frank Music Corp. v. MGM, Inc.*, 886 F.2d 1545, 1550 (9th Cir. 1989); *accord TMTV, Corp. v. Mass*

3

Loggervale v. County of Alameda et al., Case No. C20-4679-WHA
PLAINTIFFS' MOTION FOR INTEREST AND STATUTORY PENALTY (FRCP 59(e))

1 *Prods, Inc.*, 645 F.3d 464, 474 (1st Cir. 2011); *Fishman v. Wirtz*, 807 F.2d 520, 583–84 (7th Cir.
2 1986); *Waterside Ocean Navigation Co., Inc. v. Int'l Navigation Ltd.*, 737 F.2d 150, 154 (2d Cir.
3 1984).

4       In *Barnard v. Theobald*, 649 Fed. Appx. 414, 417 (9th Cir. 2016) (*Unpub. Mem. Op.*), the
5 Ninth Circuit affirmed the district court's award of prejudgment interest in a Section 1983
6 excessive force case on the jury's award of both economic and non-economic damages.[1]

7       Other courts have permitted prejudgment interest in civil rights case. *See Savarese v.*
8 *Agriss*, 883 F.2d 1194, 1207 (3d Cir. 1989) (remanding to district court to exercise discretion as
9 to award of prejudgment interest); *Hall v. Ochs*, 817 F.2d 920, 926 (1st Cir. 1987) (prejudgment
10 interest awarded successful § 1983 plaintiffs who charged assault and battery, false arrest and
11 imprisonment); *Gorelangton v. City of Reno By and Through City of Reno Council of*
12 *Councilpersons*, 638 F. Supp. 1426, 1432 (D. Nev. 1986) (noting its previous allowance of
13 prejudgment interest in wrongful death § 1983 case); *DeLaCruz v. Pruitt*, 590 F. Supp. 1296,
14 1309 (N.D. Ind. 1984) (prejudgment interest awarded because it furthers the congressional
15 purposes underlying § 1983).

16       In the often-cited *Golden State, supra*, the defendant claimed that prejudgment interest
17 should not apply to unliquidated damages since it could not have "readily determined the amount
18 of damages due for earlier settlement." 773 F. Supp. at 211-12. The court rejected this argument.
19 *Id*. at 212 ("Moreover, federal law does not require the denial of prejudgment interest just
20 because Golden State's claim was not 'liquidated.'").

21       Here, the purposes of Section 1983 and the equitable factors listed above militate in favor
22 of awarding Plaintiffs prejudgment interest from the date of injury to the date of judgment. It
23 would be reasonable and fair to award Plaintiffs the interest on the judgment to make them whole

---

[1] The underlying order provided: "The total award for past pain and suffering and medical expenses was therefore $606,207.63. Prejudgment interest on this amount during the 3534 days between December 8, 2001 and judgment on August 11, 2011, compounded on December 8 of each year, *see* 28 U.S.C. § 1961(b), is $7660.76." *Barnard v. Las Vegas Metro. P.D.*, C03-1524-RCJ-LRL, 2013 WL 4039067, at *2 (D. Nev. Aug. 7, 2013).

4

Loggervale v. County of Alameda et al., Case No. C20-4679-WHA
PLAINTIFFS' MOTION FOR INTEREST AND STATUTORY PENALTY (FRCP 59(e))

and recognize that they did not have access to the money to which they were ultimately entitled from the time of the incident to the date of judgment. Further, to deny such an award would allow Defendants to benefit from having kept that money from Plaintiffs and generate interest thereon. Finally, denying prejudgment interest could incentivize civil rights defendants to delay payment as long as possible since there would effectively be no downside in doing so.

### 3. *Calculation of Prejudgment Interest*

The Ninth Circuit held that the interest rates used for calculating pre-judgment interest should follow 28 U.S.C. § 1961 (i.e., the Treasury Bill rate), "unless the trial judge finds, on substantial evidence, that the equities of the particular case require a different rate." *W. Pac. Fisheries, Inc. v. SS President Grant*, 730 F.2d 1280, 1289 (9th Cir. 1984). In *Golden State*, the court considered various rates for applying prejudgment interest and determined the appropriate one to be the 52-Week Treasury Bill, using an annual average of the monthly rates, and compounded annually. 773 F. Supp. at 218.

This is the rate Plaintiffs propose and submit with this motion a declaration of Certified Public Accountant Steven Ghirardo. Mr. Ghirardo's calculations show that the total prejudgment interest at the rate set forth in *Golden State* is $124,622 for each Plaintiff, for a total of $373,866. *See* Ghirardo Decl., Ex. B. Plaintiffs request that judgment be amended to reflect the addition of $124,622 for each Plaintiff.

### B. Plaintiffs Are Entitled to Post-Judgment Interest

"Interest shall be allowed on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961(a). The interest rate is the weekly average T-bill rate for the calendar week preceding the judgment. This rate was 5.06% for the week ending February 24, 2023. *See* https://www.casb.uscourts.gov/post-judgment-interest-rates-2023

The interest compounds annually. 28 U.S.C. § 1961(b).

Therefore, Plaintiffs request an order awarding post-judgment interest at the rate of 5.06% on the total final judgment, including attorneys' fees, costs, statutory penalty, and prejudgment interest.

### C. Plaintiffs Are Each Entitled to a $25,000 Statutory Penalty

All three Plaintiffs prevailed against Defendants Holland and the County of Alameda on their claim under the California Bane Act, codified at section 52.1 of the Civil Code. *See* Dkt. 237. Section 52.1(c) provides that any individual whose rights have been interfered with as described in subdivision (b) may prosecute a civil action for damages, "including, but not limited to, damages under Section 52 . . . ." Section 52, subdivision (b)(2) provides for a "civil penalty of twenty-five thousand dollars ($25,000)."

The California Judicial Council has noted that Section 52(a) and (b) do not mention the Bane Act or section 52.1. "Nevertheless, the Bane Act refers to section 52 [citation]. This reference would seem to indicate that damages may be recovered under both subsections (a) and (b) of section 52." *See* CACI VF-3035.Bane Act (Civ. Code § 52.1), Directions for Use.

Because the Bane Act provides that the aggrieved plaintiff may seek damages under section 52, and section 52 includes a $25,000 penalty, Plaintiffs are each entitled to an award of this amount against Holland, for a total of $75,000.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs request that the Court grant this motion and award as part of a final judgment (in addition to any fees and costs awarded) (1) prejudgment interest in the amount of $124,622 per Plaintiff ($373,866 total), (2) post-judgment interest at the rate of 5.06% on the total final judgment, and (3) a statutory penalty of $25,000 per Plaintiff against Defendant Holland ($75,000 total).

Dated: March 15, 2023

LAW OFFICE OF JOSEPH S. MAY
and
GEARINGER LAW GROUP
and
ALTAIR LAW LLP

*/s/ Joseph S. May*
By: JOSEPH S. MAY
Attorneys for Plaintiffs