Joseph S. May   SBN 245924
LAW OFFICE OF JOSEPH S. MAY
1388 Sutter Street, Suite 810
San Francisco, CA 94109
Tel: (415) 781-3333
Fax: (415) 707-6600
joseph@josephmaylaw.com

Brian Gearinger   SBN 146125
GEARINGER LAW GROUP
740 Fourth Street
Santa Rosa, CA 95404
Tel: (415) 440-3102
brian@gearingerlaw.com

Craig M. Peters   SBN 184018
ALTAIR LAW
465 California Street, 5th Floor
San Francisco, CA 94104-3313
(415) 988-9828
cpeters@altairlaw.us

Attorneys for Plaintiffs
AASYLEI LOGGERVALE,
AASYLEI HARDGE-LOGGERVALE, and
AAOTTAE LOGGERVALE

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| AASYLEI LOGGERVALE; AASYLEI HARDGE-LOGGERVALE; and AAOTTAE LOGGERVALE, <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF ALAMEDA; STEVEN HOLLAND; MONICA POPE; KEITH LEEPER; ANTHONY DeSOUSA; and DOES 1 to 50, inclusive, <br><br> Defendants. | CASE NO. C20-4679-WHA <br><br> **PLAINTIFFS' RESPONSE TO COURT'S REQUEST FOR FURTHER BRIEFING (DKT. 276)** <br><br><br> Action Filed: July 14, 2020 <br> Trial Date:    February 13, 2023 |

1

Plaintiffs provide the following response to the Court's request for further briefing.

**1.      Is any part of the trebling under the Bane Act punitive in nature?**

Plaintiffs have not found a published appellate decision directly on point. The closest appellate case is *Los Angeles County Metro. Transp. Auth. v. Superior Court*, 123 Cal. App. 4th 261 (2004) ("*Los Angeles MTA*"). There, the issue was whether the $25,000 statutory penalty under Civil Code Section 52 – the same statute that governs treble damages for Bane Act violations – was primarily punitive in nature. Government Code section 818 provides that a public entity is not liable for "damages imposed primarily for the sake of example and by way of punishing the defendant." The court in *Los Angeles MTA* noted that Section 52 allowed for "*both* an award of punitive damages *and* an award of a civil penalty. [Italics in orig.]" *Id*. at 267 ("By separately providing for exemplary damages *and* a civil penalty, the Legislature obviously intended for the two categories of relief to be distinct from one another. [Italics in orig.]").

The court of appeal went on to find that the statutory penalty could not have been "primarily for the sake of example and by way of punishing" as contemplated by Government Code section 818 because the statutory scheme allowed the civil rights plaintiff to recover *both* the statutory penalty *and* punitive damages. Allowing recovery of two separate remedies that have the same primary purpose would be an impermissible double recovery, which the legislature would not have intended.

> But where the social objectives pursued by two categories of damages sought in one cause of action are the same, an award for both would create a double recovery. In *Troensegaard v. Silvercrest Industries, Inc*. (1985) 175 Cal.App.3d 218, 220 Cal.Rptr. 712, the court refused to allow punitive damages under section 3294 and a civil penalty for breach of warranty by a mobile home manufacturer provided for elsewhere in the Civil Code on the grounds that the two requested remedies each served to punish and make an example of the defendant. The court reasoned that if the Legislature had intended to allow awards for punitive damages and a civil penalty in the same cause of action, "it would in some appropriate manner have said so." (*Id*. at p. 228, 220 Cal.Rptr. 712.) In this case, of course, by expressly providing for both exemplary damages and a civil penalty in section 52, subdivision (b), the Legislature has "said so."

*Los Angeles MTA*, at 268.

Similarly, here the Bane Act allows a plaintiff to recover all of the damages enumerated in Section 52, which include actual damages, treble damages, a $25,000 penalty, and punitive

2

Loggervale v. County of Alameda et al., Case No. C20-4679-WHA
PLAINTIFFS' RESPONSE TO COURT'S REQUEST FOR FURTHER BRIEFING (DKT.276)

1  damages. Thus, the punitive damages are "primarily for the purpose" of punishment while the
2  other remedies are decidedly not meant to serve that same primary purpose. Thus, Section 818
3  does not preclude the County of Alameda from liability for treble damages.
4        Plaintiffs note that a recent appellate decision, which did *not* deal with Section 52 at all,
5  distinguished *Los Angeles MTA* on the ground that it dealt with a civil penalty and not treble
6  damages. *See K.M. v. Grossmont Union High School*, 84 Cal. App. 5th 717 (2022). Plaintiffs
7  also note that there are unpublished district court cases that have found, contrary to *Los Angeles*
8  *MTA*, that treble damages under the Bane Act are punitive in nature. *See, e.g., H.M. v. County of*
9  *Kern*, C20-1339-JLT-BAK (BAM), 2022 WL 286614, *5 (E.D. Cal. Jan. 31, 2022); *Archibald v.*
10 *County of San Bernardino*, C16-1128-AB (SPx), 2018 WL 8949779 (C.D. Cal. May 10, 2018);
11 *Jefferson v. City of Fremont*, C12-926-EMC, 2012 WL 1534913 (N.D. Cal. Apr. 30, 2012). All
12 of these cases rely on *dicta* from *Harris v. Capital Growth Investors XIV*, 52 Cal. 3d 1142, 1172
13 (1991), *overruled on other grounds by Munson v. Del Taco, Inc.* 46 Cal. 4th 661 (2009), where
14 the California Supreme Court referred to the treble damages provision of Section 52 as
15 "exemplary." However, the court did not indicate that the "primary" purpose was exemplary and
16 did not analyze Government Code section 818's application to such damages.
17       Even if Section 818 may preclude imposition of treble damages under the Bane Act
18 against a public entity, the County of Alameda is still precluded from making this argument for
19 multiple reasons.
20       First, the County has not provided separate counsel for Defendant Holland. All
21 Defendants are represented by Kevin Gilbert. Any argument that the County is not liable for
22 treble damages will necessarily make Holland solely liable for those damages. Mr. Gilbert
23 cannot make this argument as it is directly contrary to one of his client's interests. *See Smiley v.*
24 *Dir., Ofc. of Workers Comp. Programs*, 984 F.2d 278, 282-83 (9th Cir. 1993) ("It is well-settled
25 that courts have the power to enforce the rule against representing adverse interests to assure
26 fairness and the proper administration of justice. [Citations.]."). It seems more likely that Mr.
27 Gilbert would have to be disqualified as counsel and new counsel retained to represent the
28

County and the individual defendants before the County may assert that it is not liable for treble damages or any other portion of the judgment.

Second, Defendants waived any claim of error by failing to timely challenge the jury instructions or verdict form.

Third, and perhaps most importantly, the County of Alameda has confirmed in a sworn declaration from Peter Coletto, Deputy County Administrator, that "the County will indemnify both Defendants Holland and Pope for the portion of the Judgment against them pursuant to Government Code section 825, *et seq*." *See* Dkt. 285-1, ¶ 5.

**2.    What criteria for the exercise of discretion is required by the Bane Act itself or by any caselaw with respect to setting any multiplier under Section 52?**

The Bane Act itself does not appear to have any criteria for setting a multiplier. Civil Code section 52(a) simply provides for recovery of "any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damages but in no case less than four thousand dollars ($4,000)." Plaintiffs could locate no case that sets forth any criteria the judge or jury should apply in determining whether and how much to award in additional damages.

**3.    What criteria for the exercise of discretion for the imposition of punitive damages is required by the federal due process clause?**

The Comment to the Ninth Circuit model jury instruction on punitive damages (Instruction 5.5) summarizes the law regarding the criteria for deciding whether to impose punitive damages in the first place:

> As to § 1983 claims, "[i]t is well-established that a 'jury may award punitive damages . . . either when a defendant's conduct was driven by evil motive or intent, or when it involved a reckless or callous indifference to the constitutional rights of others.'" *Morgan v. Woessner*, 997 F.2d 1244, 1255 (9th Cir. 1993). In *Dang v. Cross,* the Ninth Circuit held this "statement of the law of punitive damages is incomplete, however. The standard for punitive damages under § 1983 mirrors the standard for punitive damages under common law tort cases. . . . [M]alicious, wanton, or oppressive acts or omissions are within the boundaries of traditional tort standards for assessing punitive damages and foster 'deterrence and punishment over and above that provided by compensatory awards.' . . . Such acts are therefore all proper predicates for punitive damages under § 1983." 422 F.3d 800, 807 (9th Cir. 2005) (citing *Smith v. Wade*, 416 U.S.

30, 49 (1983)).  The *Dang* court held it was reversible error to decline to instruct that "oppressive acts" were an alternative basis for punitive damages in a § 1983 case.

As to the amount of punitive damages, the relevant factors include (1) the reprehensibility of the defendant's conduct; (2) the disparity between the harm or potential harm suffered by the claimant and his punitive damages; and (3) the difference between the punitive damages and any civil penalties authorized or imposed in comparable cases. *BMW of North America, Inc. v. Gore*, 517 U.S. 559, 575 (1996). The Ninth Circuit has limited punitive damages to a 4 to 1 ratio "where there are significant economic damages . . . but behavior is not particularly egregious." *Planned Parenthood of Columbia/Willamette Inc. v. Am. Coal. of Life Activists*, 422 F.3d 949, 962 (9th Cir. 2005). However, the Ninth Circuit permits a single digit multiplier above 4 to 1 where the compensatory damages are higher and there is "more egregious behavior." *Id*. The Ninth Circuit has upheld punitive damages ranging from six to nine times compensatory damages in such cases. *Id.* at 962 (holding a 9 to 1 ratio was constitutional); *Bains LLC v. Arco Products Co.*, 405 F.3d 764, 776–77 (9th Cir. 2005) (indicating that ratio between 6 to 1 and 9 to 1 would be constitutional); *Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020, 1044 (9th Cir. 2003) (upholding a roughly 7 to 1 ratio).

**4.     Is the grand total award under the Bane Act limited to three or four times the compensatory damages?**

The grand total under the Bane Act is four times the compensatory damages. Civil Code section 52(a) provides for "actual damages, and any amount . . . up to a maximum of three times the actual damage . . ..." The conjunctive "and" means that the treble damages are in addition to the actual damages, which may result in a total of four times the compensatory damages. This was also accurately captured by the Final Charge to the jury: "If you find a violation of the Bane Act, you may award damages resulting from the Bane Act violation of (1) actual damages **and** (2) any amount up to a maximum of three times the amount of actual damage, but not less than four thousand dollars ($4,000)." *See* Dkt. 231, 17:11-14 (emphasis added); *see also Klein v. City of Laguna Beach*, 810 F.3d 693, 696 n.2 (9th Cir. 2016) ("The Bane Act allows recovery for 'actual damages' and treble damages, 'but in no case less than four thousand dollars.'").

**5.      What criteria were included in our instructions to the jury for the exercise of discretion in deciding whether and if so the extent to which Bane Act damages should be enhanced beyond actual compensatory damages?**

None. The only instruction regarding the enhanced statutory penalty is Instruction No. 53, which contains no criteria for deciding whether and how much to award. *See* Dkt. 231, p. 17.

**6.      The Court recalls no timely objection having been made to the Bane Act instruction regarding trebling or the absence of criteria for the exercise of the jury's discretion regrading trebling. Is this correct?**

The Court is correct. The Court's initial proposed verdict form did not permit the jury to award an additional amount, up to three times actual damages, in the event the jury found for Plaintiffs on the Bane Act claim. Dkt. 226-1. In response, Plaintiffs argued that the Bane Act allows for an additional award of up to three times actual damages, and requested a line on the verdict form for the jury to award such damages. Dkt. 228, 4:16-24. Defendants never objected to this request. When the Court advised that it would include a jury instruction regarding treble damages under the Bane Act, Defendants did not object. *See* Trial Transcript, 1165:15-16.

Plaintiffs cannot recall Defendants ever contending that the potential for an additional award of up to treble damages are not available under the Bane Act or that any particular criteria should be given to the jury to help determine such additional amount of damages to award. This is likely because the law clearly permits treble damages and there does not appear to be any particular criteria for the fact finder to employ in making its determination. On the contrary, there is actually some authority that once the jury finds a Bane Act violation, the Court should simply award treble damages on top of the compensatory damages. *See* Directions for Use to CACI VF-3035 ("The court should compute the damages under section 52(a) by multiplying actual damages by three, and awarding $4,000 if the [resulting] amount is less.").

The only "objection" Defendants ever made was that after the jury began deliberating, their attorney raised for the first time the argument that one or more of the penalties available under the Bane Act are considered "punitive" such that the County of Alameda could not be liable for paying it, pursuant to Government Code section 818. *See* Trial Transcript, 1320-1322.

But, as noted above, defense counsel has an inherent and unavoidable conflict in attempting to argue that the County should not be liable for any portion of the award that is the result of trebling as it runs directly contrary to the individual defendants' interests. Further, and more importantly, the County has now confirmed that it will be indemnifying the deputies for any awards against them. Thus, any potential objection that treble damages are punitive in nature is mooted by this representation. *See, e.g.*, Cal. Gov. Code § 825(b) (allowing government entities to indemnify employees against punitive damage awards).

**7.    The Bane Act is Section 52.1 of the California Civil Code. Section 52 calls out for trebling only claims arising under Section 51, 51.5 or 51.6, but omits Section 52.1. What authority addresses this apparent discrepancy?**

Section 52.1(c) provides that a plaintiff may prosecute a civil action for damages "including, but not limited to, damages under Section 52 . . .." So the California Legislature intended that damages under Section 52 be recoverable in a Bane Act claim. The fact that the Bane Act is not specifically referenced in Section 52 itself is of no moment. The statute unambiguously permits recovery of damages "under Section 52" without limiting those damages to any particular subsection of Section 52. Further, the California Judicial Council recognized that a plaintiff who prevails on a Bane Act claim may recover damages listed under both subdivisions (a) and (b) of Section 52. *See* CACI VF-3035, Directions for Use ("Neither subsection of Section 52 mentions the Bane Act or Civil Code section 52.1. Nevertheless, the Bane Act refers to section 52. (See Civ. Code, § 52.1(c).) This reference would seem to indicate that damages may be recovered under both subsections (a) and (b) of section 52.").

Numerous cases recognize the availability of treble damages under the Bane Act. *See Klein v. City of Laguna Beach*, 810 F.3d 693, 696 n.2 (9th Cir. 2016) ("The Bane Act allows recovery for 'actual damages' and treble damages, 'but in no case less than four thousand dollars.'"); *Grassilli v. Barr*, 142 Cal. App. 4th 1260, 1290 (2006) ("Under California law, a person who violates another person's constitutional rights may be liable for a maximum of three times the amount of the actual damage suffered"); *Gatto v. County of Sonoma*, 98 Cal. App. 4th 744, 752-53 (2002) ("[S]ection 52—which applies to civil actions for denial of constitutional

7

1  rights under section 52.1 (§§ 52, subds. (a), (b))—created liability for up to a maximum of three
2  times the amount of actual damage suffered by any person denied specified rights."). Plaintiff
3  has not found any case, state or federal, finding that the penalty of up to three times actual
4  damages is *not* available under the Bane Act.
5
6  Dated: May 8, 2023                                    LAW OFFICE OF JOSEPH S. MAY
7                                                        and
                                                         GEARINGER LAW GROUP
8                                                        and
                                                         ALTAIR LAW LLP
9
10                                                       */s/ Joseph S. May*
                                                         By: JOSEPH S. MAY
11                                                       Attorneys for Plaintiffs
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28