UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable William H. Alsup, Judge

| | |
|---|---|
| AASYLEI LOGGERVALE; AASYLEI HARDGE-LOGGERVALE; and AAOTTAE LOGGERVALE, | ) ) ) |
| Plaintiffs, | ) ) ) |
| VS. | ) NO. C 20-04679 WHA ) |
| COUNTY OF ALAMEDA; STEVEN HOLLAND; MONICA POPE; KEITH LEEPER; ANTHONY DeSOUSA; CAMERON GALLOWAY; and DOES 1 to 50, inclusive, | ) ) ) ) ) ) |
| Defendants. | ) ) |

San Francisco, California
Wednesday, April 26, 2023

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES**:

For Plaintiffs:
                    LAW OFFICE OF JOSEPH S. MAY
                    1388 Sutter Street, Suite 810
                    San Francisco, California 94109
               BY:  **JOSEPH S. MAY, ATTORNEY AT LAW**

For Defendants:
                    ORBACH HUFF & HENDERSON LLP
                    6200 Stoneridge Mall Road, Suite 225
                    Pleasanton, California 94588
               BY:  **KEVIN E. GILBERT, ATTORNEY AT LAW**

REPORTED BY:  Ana Dub, RDR, CRR, CSR No. 7445
              Official United States Reporter

<u>Wednesday - April 26, 2023</u>                    <u>11:00 a.m.</u>

P R O C E E D I N G S

---o0o---

**THE CLERK:**  Calling Civil Action 20-4679, Loggervale, et al. vs. County of Alameda, et al.

Counsel, please approach the podium and state your appearances for the record, beginning with counsel for the plaintiff.

**MR. MAY:**  Joseph May for the plaintiffs.

**MR. GILBERT:**  Good morning.  Kevin Gilbert for the defendants.

**THE COURT:**  Good morning to you.

So how can I help this morning?

**MR. MAY:**  After we filed the fee motion, we saw the opposition.  It challenged each project that we put together with our fees.  And I believe the Court's order, Docket 241, indicates that if the Defense is challenging the plaintiffs' fees as excessive, then they need to produce their own fee records for -- I think the Court's word was "symmetry."

**THE COURT:**  That's true, yeah.

**MR. MAY:**  Yeah.  We requested those records, and the defendants are claiming that -- they've created ten different categories of objection, things like duplication of effort, administrative tasks that shouldn't have been billed at attorney rates, you know, et cetera, ten different categories;

1 and only one of them is called, quote, excessive time or

2 I think there's another term.

3     And so they're saying that the Court's order says they

4 only need to produce their records if they challenge our fee

5 as, quote, excessive.  And they only used that challenge for a

6 few of the tasks.  Mostly they refer to one of the other nine

7 categories that they made up.

8     It doesn't seem like a logical reading of the Court's

9 order; so we request the Court's help.

10     **THE COURT:**  Well, all right.  Let's hear from

11 Mr. Gilbert.

12     **MR. GILBERT:**  Your Honor, the City -- or, excuse me --

13 the County opposed the fees motion on numerous grounds.

14     **THE COURT:**  On what?

15     **MR. GILBERT:**  Numerous grounds.  And there's legal

16 grounds and then there's technical grounds.

17     Within the memorandum of points and authorities, we set

18 forth the specific objections; for example, the fact that there

19 were six defendants when the case started and 13 claims against

20 each and that there was limited success on many of the claims

21 and that there was waivers by plaintiffs on stipulations.

22     Those issues were addressed in the opposition; then were

23 carried through.  We went through every line item that we could

24 respond to in plaintiffs' claimed fees and responded.

25     What we tried to do is to respond item by item.  So, for

1   example, there were numerous entries where plaintiffs' counsel

2   sought compensation as a senior experienced attorney for tasks

3   such as e-filing, arranging for services of subpoena,

4   preparation of files for trial, which are clerical tasks which

5   should not be billed for.  We objected and have a specific

6   objection to that for "Administrative work not billable."

7   We then went through and have other objections, that this

8   work, for example -- and I'm paraphrasing.  I'm happy to

9   reference the specific language -- where we've said this work

10  would be completed by a low-level associate, not by a senior

11  attorney, so the rate should be different.

12  And we have a specific legend that we put on the table,

13  which was attached to my declaration in opposition to the fees

14  motion.  Within that declaration, was letters A through J of

15  the specific categories.

16  When we served our objection to plaintiff, we clarified

17  and confirmed the only areas where we are specifically

18  objecting that the actual hours on a project were excessive

19  were where we objected under Category A.  And those were

20  limited.  Those were not very many.

21  Those -- for example, we objected to a lot of the work for

22  the public records request and for researching whether COVID

23  can delay a trial was excessive and improper.  And we,

24  correspondingly, did not have any time for that.

25  We did object to time at trial as being excessive, and we

1  produced all of our time records for the period of

2  December 1st, 2022, through March 1st, 2023, for preparation

3  for and trial.

4      The only items that have been deleted off of that list was

5  my personal briefing to the County and my meetings with the

6  County in closed session.  All other time, regardless of

7  whether it involved trial preparation during that time period,

8  has been provided.

9      We then went through and as the conversations continued,

10  we asked plaintiff:  Tell us the projects where you think we

11  specifically objected based upon excessive billing.

12      And the Court's order does not specifically define

13  "excessive billing."  It simply says that if a "party contends

14  that any item or project was excessive, then the opposition

15  must explain why and provide a declaration," and it continues

16  on.

17      So we had interpreted "excessive" in the Court's order as

18  referring to, if an attorney, for example, Mr. Peters, appears

19  at jury deliberations where the Court's minutes say it's a

20  four-hour hearing and he billed 16 hours, that would be

21  excessive.  We have marked that as excessive; we've challenged

22  it as excessive; and we have provided our time on that.

23      Separately, we provided our time on four other categories.

24  We provided our time where I went through and performed

25  searches of our bills and exported anything that had a

reference to experts:  expert discovery, expert retention, expert development, expert depositions.

We did another search for a second category under "summary judgment" or "dispositive motion."

And we provided all of our billing for that, which included research, preparation, hearings, and everything elsewhere where the term "summary judgment" was in any way used or referenced.

We then went through and did the same for discovery, searching for "discovery," "interrogatories," "request," "production," I think "admission" as well, and provided those materials in their entirety to counsel.

And many of those actually included time entries after discovery had been closed and completed, but because they were referenced in the time entries, we provided them to them.

We then did the same for depositions, for a search where we searched for the word "deposition," which included preparation for deposition, depositions, and even tasks that just merely referenced a deposition.

And then, obviously, the pretrial and trial category from December 1st, 2022, through March 1st verdict, Your Honor.

So we have provided more than what we've actually contested in the fees motion as far as the actual hours that are excessive.  And we've tried to comply with not only the letter but the spirit of the Court's order, which also

corresponds with the actual objections in the narrative that's

in the County's memorandum of points and authorities in

opposition.

    **THE COURT:**  All right.  I'm looking at the legend to

defendants' objections.

Some of these, I'm going to require that they be -- you

turn over the hours.

(As read):

    "A - Excessive/Inflated."

You've told me you've already done that.

(As read):

    "B - Block Billing."

I agree with the Defense that block billing is not

excessive.  It's a different problem.  So the Defense -- that

objection by itself is okay.

(As read):

    "C - Duplicative of Other Entries or

Work . . . ."

That should be turned over.  To my mind, it's the same

thing as excessive.

(As read):

    "D - Inconsistent With Other Entries."

If it really is inconsistent, I will say okay, you don't

have to turn that over.

\\\

1      (As read):

2          "E - Administrative Work/Work Not Reasonably

3      Billable At Attorney Rates."

4    You should turn that over because it's all in the eye of

5 the beholder.  Something that a secretary does for you,

6 depending on how experienced they are, may take hours and

7 hours, but a lawyer can do it in three minutes, and therefore,

8 it's more efficient for the lawyer to do it.  So the

9 administrative work objection, that's going to be treated as

10 excessive, meaning the objection is excessive.

11    (As read):

12         "F - Unnecessary or Unreasonable in Light of

13      Task or Claimed Experience of Attorney."

14    Same thing.  That should be turned over so that -- because

15 that's like excessive.

16    (As read):

17         "G - Unsupported By Documentation/Too Vague to

18      Determine Reasonableness . . . ."

19    Well, that one, okay.  If that objection is made and the

20 objection is legitimate, you don't have to turn that over until

21 it's supported by documentation or cleared up.

22    (As read):

23         "H - Waived" --

24    I have no idea what you mean by "waived"; so I don't know

25 what that means.

1    (As read):

2         "I - Otherwise Non-Compliant With Court's

3    Order/Procedures."

4    Same thing.  You don't have to turn that over yet.  I'm

5    going to come back to it.

6    (As read):

7         "J - Not Demonstrably Necessary to Advance

8    Litigation or Further Litigation Projects Claimed."

9         Well, that is the same thing as excessive, and so you've

10   got to turn your hours over that are in the same task category.

11        Now, some of these I have said you don't have to turn

12   over, but I'm going to let the Special Master decide if the

13   Special Master thinks, in getting into the weeds here, that he

14   need to see them.

15        Now, I understand you don't have a Special Master yet; so

16   I'm going to just appoint one.  He's my former law clerk, Matt

17   Borden.  He's a very experienced lawyer now.  He will only --

18   he will do it as a service to the Court for $200 an hour, which

19   is a lot less than you all were charging.  So I can't imagine

20   you can object on that ground.  But you all are going to pay

21   for it because that's what Rule 53 and 54 require you to do.

22   You're going to pay for his time.

23        Okay.  So he can overrule me on these other ones and

24   require more, but I myself am going to require some of these

25   things to be turned over.

1    All right. How else can I help this morning? What else

2  is still in dispute?

3       **MR. MAY:** Just so we don't have to come back here, can

4  we address the format in which these records will be turned

5  over? Because what the Defense has given us, if you look at

6  Exhibit E to my declaration, it was just a table that was

7  prepared. There's no -- it's not the actual billing record.

8       **THE COURT:** Yeah, you should get the billing records.

9       **MR. MAY:** The actual records.

10       **THE COURT:** You get the actual records.

11       **MR. MAY:** And the actual records we do have also don't

12  list the name of the timekeeper. I just realized --

13       **THE COURT:** They should have the timekeeper, the name

14  of the timekeeper, the hours spent, and the nature of the task.

15  That is not privileged. Do not even think that that's

16  privileged. It's not, unless there's somehow advice like

17  "Advice to client that we will lose this case." That would be

18  privileged. But no one ever says something like that. So

19  that's not privileged. It's never privileged. The idea that

20  time records are privileged is crazy, and we're not going to go

21  there.

22    So yes, you do have to produce those, those detailed

23  records, and back it up if you're challenging their side.

24    Now, if you just want to accept what they say as not

25  "excessive" -- and I'm putting "excessive" in quotes -- that's

1    fine.  Sometimes that's the way it works out.

2        But if you are going to challenge it, then it's only fair

3    for everyone to ask, "Well, how much did you spend on that?" so

4    that an apples-for-apples comparison can be made.

5        Okay.  What else can I do to help today?

6            **MR. MAY:**  That's all for plaintiffs.  Thank you.

7            **THE COURT:**  Do you have a cross-motion, Mr. Gilbert?

8            **MR. GILBERT:**  I absolutely have issues we need to

9    address in response to the Court's ruling.

10       First, Your Honor, Category E, on the admin, those are

11   items that are not billed.  We did not bill any time --

12           **THE COURT:**  They are billing.  I'm billing them.

13   You're going to pay for them.

14           **MR. GILBERT:**  My point --

15           **THE COURT:**  You're going to pay for them.

16           **MR. GILBERT:**  Your Honor --

17           **THE COURT:**  You can take it up with the Ninth Circuit.

18           **MR. GILBERT:**  Your Honor, my point is, you're ordering

19   me to produce records of our administrative process.  There is

20   no billing from us on any of those items.  We do not charge for

21   any of that.

22           **THE COURT:**  Well, then put that under oath, that you

23   have no comparable billings.  If that's under oath somewhere

24   and you can say categorically "We never billed a nickel for

25   this type of thing," then that's all you've got to say.

1          **MR. GILBERT:**  Your Honor, I'm just making --

2          **THE COURT:**  You don't have to -- but you're unwilling

3     to do it because I believe you're maybe not telling me the

4     truth.

5          **MR. GILBERT:**  Your Honor, I'm happy to do that.  When

6     we assemble the records, I will give them to you, and I will

7     give you that declaration.

8          But I want to be very clear that this case has been motion

9     after motion after motion because the Court said we should do

10    this.  And we try and confirm that this is what exists.  When

11    we produce these records, there will not be records for

12    e-filing, for example.  There will be paralegal time for

13    checking cites.  There will not be e-filing.

14         **THE COURT:**  Well, the paralegal time has got to be

15    produced too.

16         **MR. GILBERT:**  And that's fine.

17         But there will not be e-filing cites, or corresponding on

18    serving, or printing documents.  So E will not -- just to be

19    very clear.

20         Same with J, Your Honor.  The unnecessary to advance the

21    litigation, we don't have those costs.  That's referring to,

22    for example, plaintiffs did a mock jury.  We did not do a mock

23    jury.  We do not have those fees.  There's no entries that will

24    be produced or identified because they simply don't exist.

25         **THE COURT:**  All you have to do then is say under oath

that for the mock jury, "We didn't do a mock jury so we don't have any time for that." That's all you've got to do.

MR. GILBERT: Your Honor --

THE COURT: I don't understand why this is so complicated.

MR. GILBERT: Because I'm explaining very clear on the record what the records will contain. So if there's going to be any disputes, we're going to take care of it today so we don't come back on multiple more motions.

On the time sheets that have been produced, Your Honor, this is directly from the timekeeping program. This has everything. I can put in the billing code of who the person is, and that's not privileged. It wasn't withdrawn from that. It's just that's not the way they are.

What format would the Court like? Is it take our bills and just produce them, or is it to segregate out?

THE COURT: Do you submit to the County bills that say Attorney X, so many hours, and give the project?

MR. GILBERT: Your Honor, the bills we give to the County are what we produced with two edits. It has the captions on it, top and bottom, and it has a timekeeper number on it. So it says --

THE COURT: Can I see what you actually send to the County on a monthly basis?

MR. GILBERT: Yes.

1         **THE COURT:** Well, show it to me.

2         **MR. GILBERT:** Oh, I'm sorry. Do I have it here?

3         **THE COURT:** Yeah.

4         **MR. GILBERT:** No, Your Honor, I don't. I'm sorry. I

5 thought you asked --

6         **THE COURT:** I want you to produce it in the form you

7 give it to the County.

8         **MR. GILBERT:** If that's what the Court is ordering,

9 that's fine.

10         **THE COURT:** Yeah, that's I want. But I want it to be

11 organized by project.

12         **MR. GILBERT:** Okay, Your Honor.

13         **THE COURT:** So let's say that you -- there's a

14 deposition of Mrs. Loggervale and you're challenging what they

15 did to prepare for the deposition as excessive or duplicative.

16 Then you go through your time records and the time records of

17 your assistants and legal assistants and say "Loggervale

18 preparation" -- I don't know -- "55 hours."

19     And then -- but you give each entry, each entry so that

20 they can verify that the number you give, it adds up to 55.

21         **MR. GILBERT:** So, Your Honor, therein lies the dilemma

22 that I'm trying to get clarification on.

23     What we have provided is exactly what will be given. We

24 will add a column that has the attorney who did the work. But

25 this is literally the information.

1    What is missing?  Because I'm hearing plaintiffs' counsel

2  saying we provided something different, which is absolutely

3  inaccurate.  And --

4    **THE COURT:**  Show me what you provided.

5    Mr. May, show me what he provided to you so I can see what

6  you two are debating about.

7    **MR. MAY:**  Well, can I just clarify very quick?

8    In their opposition, they gave all their records related

9  to one project.  So they knew how to do it for one project.

10  The summary judgment motions, they produced their records in

11  the format that they give it to the County.

12    And now the subsequent records for additional projects are

13  on just some table that doesn't have any of that

14  official-looking information on it.

15    And I can hand that to the Court as well.  This is --

16      (Document handed up to the Court.)

17    **THE COURT:**  Okay.  Do you see this?  Why can't you

18  produce this for every category?

19    **MR. GILBERT:**  That's exactly what I did.  It just

20  doesn't have the header on it.

21    **THE COURT:**  Well, why don't you have -- what do you

22  mean, it doesn't have the header?

23    **MR. GILBERT:**  It doesn't have the header that says

24  this is the category, I believe.

25    **THE COURT:**  Well, it should say what the category is.

1          **MR. GILBERT:**  Actually, it does have the header.

2          **THE COURT:**  It should say what the category is so that

3   everyone will know that this is what you charge for the -- and

4   give all these detailed entries for summary judgment --

5          **MR. GILBERT:**  Your Honor --

6          **THE COURT:**  -- for preliminary injunction, for

7   preparing for Loggervale deposition.

8          **MR. GILBERT:**  The document itself is titled and says

9   "Summary Judgment."  And that's what -- so what is printed, the

10  document is actually titled what it is when we sent it to them.

11         **THE COURT:**  I don't see any title on here.

12         **MR. GILBERT:**  When you look at the actual document

13  itself -- because we sent them in electronic form because there

14  is -- we don't use paper anymore.  So we took electronic

15  format.  We sent them electronic format that actually says the

16  subject of the material in the title of the document when you

17  click to open it.  So when you open the e-mail, you'll have

18  four attachments.  I don't know -- I can't recall the exact

19  names; but one, I believe, said "Discovery Related Bills" or

20  "Discovery."  One said "Expert."

21      And then in the e-mail that was sent, I described exactly

22  what they were and the categories, exactly what was being

23  provided in that e-mail.

24         **THE COURT:**  Why can't you do it the way I ask you to

25  do it, which is you have these detailed time entries and you

1  sort them out into whatever the task categories are that you're

2  challenging -- summary judgment, deposition of Loggervale --

3  each one of those, instead of having them all mashed together

4  in one big, long, running thing?  Why can't you do it that way?

5  **MR. GILBERT:**  Do we need to -- fine.  Do we need to

6  match all of the categories in plaintiffs', or can we be more

7  general?

8  **THE COURT:**  You need to match the ones you're

9  challenging.  So if you're challenging, as duplicative or

10  excessive, the amount of time they spent on the Loggervale

11  deposition, then you need to give us your time spent on the

12  Loggervale deposition, as well as your associates' and legal

13  assistants' so that we can do an apples-for-apples.

14  **MR. GILBERT:**  Your Honor, the problem is that there

15  are categories that are not clear what is encompassed within

16  them within plaintiffs' definitions.  It's hard to track and do

17  a direct apples-to-apples comparison.

18  **THE COURT:**  If it's too difficult and it's not an

19  apples-for-apples, then do the best you can, and explain why

20  you can't do better.  And I'll be reasonable about it.  But

21  you've got to make an honest effort in that direction so we can

22  do the apples-for-apples.

23  It could be absolutely right that a given project that

24  they have doesn't track into your records to show that you had

25  the same project.  Maybe just you organized your things in a

1  different way and it's just not possible.  I will respect that.

2  But you've got to try a little harder to get it in a format

3  where we can do the deposition by deposition, motion by motion.

4      Usually, it can be done.  In the 23 years I've done this

5  job, this thing has worked -- this is the first time I've ever

6  had this problem.  The lawyers have always been able to do it.

7      So please try harder.

8      All right.  Do you have any more questions, Mr. Gilbert?

9          **MR. GILBERT:**  No, Your Honor.

10          **THE COURT:**  Thank you.

11     I want you to -- I want you to go back to Judge

12  Laurel Beeler.  When's the last time you tried to settle this

13  case with Laurel Beeler?

14          **MR. MAY:**  I can't remember.  It's been a long time.

15          **THE COURT:**  Is that true?

16          **MR. GILBERT:**  I believe it's probably been almost a

17  year and a half, if not two.

18          **THE COURT:**  Well, now that we have a verdict and a lot

19  of water under the bridge, one of you two, or maybe both of

20  you, are going to be disappointed by the Rule 50 and 59, and

21  then there's the appeal.

22     So I suspect that this is an ideal time for both sides to

23  try to settle the case.  So I think you should go back.  I'm

24  going to order you to go back and see her.

25          **MR. MAY:**  We have a call with the mediator at the

1 Ninth Circuit this Friday. We're already in the Ninth Circuit.

2 So they're going to put us through their program. If we don't

3 resolve it that way, maybe we can ask the Court to refer us to

4 a magistrate, but I'm happy to explore with the Ninth Circuit.

5       **THE COURT:** Well, when are you going to meet with -- I

6 would prefer before I have to rule on these voluminous motions.

7       **MR. MAY:** We'll find out Friday what the schedule is.

8       **THE COURT:** Would you let me know so that I can -- I'd

9 like to know what that schedule is.

10     I've already started the process with Judge Beeler, but I

11 didn't realize you were already in touch with the panel at the

12 Court of Appeals.

13       **MR. MAY:** Yeah. We can do a joint letter,

14 Mr. Gilbert, Friday, after we speak with the mediator, if

15 that's okay.

16       **THE COURT:** All right. Would you, please? All right.

17     Now, Matt Borden, does anybody have an objection to him?

18 He has no connection to this case. He does general litigation,

19 but mostly patent and business cases. So he's not a civil

20 rights lawyer, but he can do this case.

21       **MR. MAY:** B-o-r-d-e-n?

22       **THE COURT:** B-o-r-d-e-n, yes.

23       **MR. MAY:** Okay. Yeah, no objection.

24       **THE COURT:** Do you have any objection?

25       **MR. GILBERT:** I don't believe so, but I would like to

1    run it by the County.  If you give me until --

2          **THE COURT:**  Run it by --

3          **MR. GILBERT:**  -- 4 o'clock --

4          **THE COURT:**  Let me know by noon tomorrow if you have

5    an objection, in writing.  Matt Borden.

6       Okay.  Are we done for today?

7          **MR. MAY:**  Thank you, Your Honor.

8          **THE COURT:**  I'm not going to do a written order.  You

9    just have to -- you all can do this for me.  Thank you.

10          **MR. MAY:**  Thank you, Your Honor.

11          **MR. GILBERT:**  Thank you, Your Honor.

12          **THE CLERK:**  Court adjourned.

13          (Proceedings adjourned at 11:23 a.m.)

14

15                    **CERTIFICATE OF REPORTER**

16          I certify that the foregoing is a correct transcript

17    from the record of proceedings in the above-entitled matter.

18

19    DATE:  Tuesday, May 2, 2023

20

21

22                    *Ana Dub*

23    _____

24          Ana Dub, RMR, RDR, CRR, CCRR, CRG, CCG
         CSR No. 7445, Official United States Reporter

25