UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

AASYLEI LOGGERVALE, AAOTTAE LOGGERVALE, and AASYLEI HARDGE-LOGGERVALE,

    Plaintiffs,

v.

STEVEN HOLLAND, MONICA POPE, and COUNTY OF ALAMEDA,

    Defendants.

No. C 20-04679 WHA

**ORDER DENYING PLAINTIFFS' RULE 59 MOTION TO ALTER JUDGMENT**

## INTRODUCTION

In this Section 1983 and Bane Act action involving unlawful detention, plaintiffs move under Rule 59(e) to alter the judgment to include pre-judgment interest, post-judgment interest, and a Bane Act statutory penalty. For the following reasons, their motion is **DENIED**.

## STATEMENT

The underlying facts of this matter have been recounted elsewhere (Dkt. No. 304). In short, plaintiffs, one mother and two daughters, all African American, sued the County of Alameda and two deputies after they were detained and hand-cuffed in separate patrol cars for 91 minutes. After a six-day trial, the jury found in favor of plaintiffs and awarded a total of $8.25 million in damages. It is assumed this amount included treble damages as against one defendant, Deputy Steven Holland, because California's Tom Bane Act allowed for an up-to-treble damages add-on. *See* Cal. Civ. Code 52.1; 52(a). Defendants filed a motion for new trial or in the

1  alternative for remittitur as well as a renewed motion for judgment as a matter of law (Dkt. Nos.
2  257, 258). Both motions were denied, except that the County was deemed liable only for
3  compensatory damages (not for the treble damages under the Bane Act). An amended order was
4  issued to accurately reflect this damages allocation (Dkt. Nos. 304, 305). The only issue
5  remaining is whether the judgment should be further amended to include pre- and post-judgment
6  interest, as well as a civil penalty of $25,000 also available under the Bane Act's statutory scheme.
7  We address each ask in turn.

## ANALYSIS

Pre-judgment interest traditionally has been considered part of a plaintiff's compensation. It is not recovered according to a rigid theory but instead is given in response to considerations of fairness. *See Osterneck v. Ernst & Whinney*, 489 U.S. 169, 175–76 (1989). Although a particular statute may fail to mention pre-judgment interest, that alone does not manifest an unequivocal congressional purpose that interest should not bear. *See Rodgers v. United States*, 332 U.S. 371, 373–74 (1947). "Although the award of pre-judgment interest is within the discretion of the trial judge, the discretion must be exercised with a view to the fact that pre-judgment interest is an element of compensation, not penalty." *W. Pac. Fisheries, Inc. v. SS President Grant*, 730 F.2d 1280, 1288 (9th Cir. 1984).

Plaintiffs say pre-judgment interest should be allowed because the purpose of Section 1983 and equitable factors militate in favor of the award. In particular, they argue "plaintiffs did not have access to the money to which they were ultimately entitled from the time of the incident to the date of judgment," and to deny the award of interest would "incentivize civil rights defendants to delay payment as long as possible" (Br. 4). Defendants counter pre-judgment interest is not merited here because plaintiffs' award included treble damages that were punitive in nature, and interest added on that amount would run afoul the goal of compensation over punishment. Further, defendants say it would be speculative to award interest on these emotional damages, as the instructions and verdict form did not make clear what portion of the verdict amount is attributable to past or future damages (Opp. 3–7).

Pre-judgment interest is improper here. Our prior order spent significant time analyzing the Bane Act and the damages available for violation thereof under Section 52, which is incorporated into the Act by reference. Ultimately, given the legislative history of the Act, we held that the up-to-treble damages add-on available under Section 52(a) is punitive in nature. Plaintiffs argue that such is not the case, (Reply 2–4), but this question has already been decided in our matter and is thus foreclosed as a viable stance. Given this premise, allowing pre-judgment interest on the entire verdict amount would go beyond the compensation owed to plaintiffs — it would serve to further punish. No other equity considerations support pre-judgment interest here. Plaintiffs were more than adequately compensated by the large jury verdict. The motion for this relief is **DENIED**.

Next, Section 1961(a) of Title 28 of the United States Code provides that

> Interest shall be allowed on any money judgment in a civil case recovered in a district court. Execution therefor may be levied by the marshal, in any case where, by the law of the State in which such court is held, execution may be levied for interest on judgments recovered in the courts of the State. Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment. The Director of the Administrative Office of the United States Courts shall distribute notice of that rate and any changes in it to all Federal judges.

Our court of appeals has held post-judgment interest is automatic, and an argument that it's omission from a final judgment leads to waiver of the interest is "meritless." Regardless of whether or not the judgment itself contains a specific award of post-judgment interest, once final judgment has been entered in a civil suit, the prevailing party "becomes a judgment creditor and is entitled to post-judgment interest under the mandatory terms of 28 U.S.C. § 1961." *Tinsley v. Sea-Land Corp.*, 979 F.2d 1382, 1384 (9th Cir. 1992).

Both parties agree here that plaintiffs are automatically entitled to the mandatory post-judgment interest (Br. 5, Opp. 8). The squabble is over whether the final judgment should be amended to account for it. This order holds that such an amendment is not required and declines to further change the amended judgment to reflect this obvious statutory recompense. Plaintiffs

3

cite *Barnard v. Theobald*, 721 F.3d 1069, 1078 (9th Cir. 2013), for the contention that failure to explicitly include post-judgment interest in the judgment would be an abuse of discretion. That case, however, involved a district court amending its final judgment to *remove* an award of post-judgment interest that had previously been explicitly awarded. *See Id.* at 1074–75. Such is not the case here, as both the original judgment and the current amended judgment are silent as to any type of interest. As moot, plaintiffs' motion for this amendment is **DENIED**.

Lastly, the current civil remedy provision of the Bane Act, Section 52.1(c), reads:

> (c) Any individual whose exercise or enjoyment of rights secured by the Constitution or laws of the United States, or of rights secured by the Constitution or laws of this state, has been interfered with, or attempted to be interfered with, as described in subdivision (b), may institute and prosecute in their own name and on their own behalf a civil action for damages, including, but not limited to, damages under Section 52, injunctive relief, and other appropriate equitable relief . . . .

Section 52 provides two overlapping but different measures of recovery: subsection (a) provides for "any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees . . ." and subsection (b) provides for actual damages, exemplary damages, a civil penalty of twenty-five thousand dollars ($25,000), and attorney's fees.

In our case, plaintiffs requested a jury instruction that tracked the recovery under subsection (a) of Section 52, and the jury was so instructed in the final charge (Jury Instructions ¶ 53):

> If you find a violation of the Bane Act, you may award damages resulting from the Bane Act violation of (1) actual damages and (2) any amount up to a maximum of three times the amount of actual damage, but not less than four thousand dollars ($4,000)

Our prior order decided, "[g]iven the actual wording of the Bane Act, and its general reference to 'Section 52,' . . . the best way to harmonize [all of the language] is to hold that both avenues of damages under Section 52 are options for Bane Act plaintiffs, giving them an election to seek damages *either* under subsection (a) *or* (b)" (Dkt. No. 304 at 59) (emphasis added). Consistent

4

with our interpretation, allowing recovery under both subsections would not comport with the statutory setup. Thus, the request to add the civil penalty available under Section 52(b) to the total judgment amount is **DENIED**.

**CONCLUSION**

For the reasons described above, plaintiffs' motion to alter the judgment to include pre-and post-judgment interest and the Bane Act civil penalty available under Section 52(b) is **DENIED**.

**IT IS SO ORDERED.**

Dated: July 14, 2023.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE