**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

SEP 19 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

AASYLEI LOGGERVALE; et al.,

           Plaintiffs-Appellees,

v.

COUNTY OF ALAMEDA; et al.,

           Defendants-Appellants.

No.   23-15483
        23-15985
        23-16199

D.C. No. 3:20-cv-04679-WHA

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
William Alsup, District Judge, Presiding

Argued and Submitted April 9, 2024
San Francisco, California

Before:  PAEZ and SUNG, Circuit Judges, and FITZWATER,** District Judge.
Partial concurrence and partial dissent by Judge FITZWATER.

The County of Alameda and two county sheriff deputies, Deputies Holland

and Pope (collectively, Defendants), appeal the jury's verdict against them for

violation of Aasylei Loggervale, Aaottae Loggervale, and Aasylei Hardge-

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*     The Honorable Sidney A. Fitzwater, United States District Judge for
the Northern District of Texas, sitting by designation.

Loggervale's (collectively, Plaintiffs) Fourth Amendment rights under 42 U.S.C. § 1983 and California Civil Code § 52.1 (Bane Act).  We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part, reverse in part, and remand for further proceedings.

**1. Qualified Immunity Instruction.**  The deputies challenge the formulation of the district court's jury instructions regarding their defense of qualified immunity.  Because the deputies objected to the formulation of the qualified immunity instructions at trial, we review for abuse of discretion.  *Hunter v. County of Sacramento*, 652 F.3d 1225, 1232 (9th Cir. 2011).  "[J]ury instructions must fairly and adequately cover the issues presented, must correctly state the law, and must not be misleading."  *Dang v. Cross*, 422 F.3d 800, 804 (9th Cir. 2005) (quoting *White v. Ford Motor Co.*, 312 F.3d 998, 1012 (9th Cir. 2002)).

"Qualified immunity shields government officials from civil liability unless a plaintiff establishes that: (1) the official violated a constitutional right; and (2) that right was 'clearly established' at the time of the challenged conduct, such that 'every reasonable official' would have understood that what he [or she] is doing violates that right."  *Morales v. Fry*, 873 F.3d 817, 821 (9th Cir. 2017) (citing *Ashcroft v. al-Kidd*, 563 U.S. 731, 735, 741 (2011)).

*Morales v. Fry* established that, while the constitutional violation prong is a question of fact for the jury, the "'clearly established' inquiry is a question of law

2

that only a judge can decide." *Id.* The district court in *Morales* submitted the "clearly established" inquiry to the jury. *Id.* at nn.3–4. The jury returned a mixed verdict, finding for Morales on her excessive force claim against one of the defendant officers but finding against Morales on her unlawful arrest and excessive force claim against another officer. Because the district court in *Morales* submitted the "clearly established" question to the jury, it was impossible to "determine if [the jury] found a constitutional violation" against the second officer, and on appeal, we could not "determine as a matter of law that [the plaintiff's] constitutional rights were not clearly established." *Id.* at 825–26, 826 n.7. We therefore vacated the judgment with respect to Morales's unlawful arrest and excessive force claims against one of the defendant officers and remanded for a new trial on those claims. *Id.* at 826.

Here, the district court instructed the jury to determine whether "any reasonable officer in a defendant's shoes would have understood, based on the facts known to him or her, as you find those facts to have been, that the officer was violating the Constitution." This instruction directed the jury to decide the "clearly established" inquiry, which was error under *Morales*. *See id.* at 822–23. And *Morales* established that when "a qualified immunity case goes to trial because disputed factual issues remain," the district court must "decide whether the right was clearly established once the factual issues are resolved." *Id.* at 823.

3

In light of the instructional error, we must consider whether the error was harmless. *Id.* at 825–26. "Even if a district court erred in formulating jury instructions, the panel must 'consider the issued instructions as a whole,' such that 'reversal is not warranted if the error is more probably than not harmless.'" *Unicolors, Inc. v. H&M Hennes & Mauritz, L.P.*, 52 F.4th 1054, 1064 (9th Cir. 2022) (quoting *Skidmore ex rel. Randy Craig Wolfe Tr. v. Led Zeppelin*, 952 F.3d 1051, 1065 (9th Cir. 2020) (en banc)), *cert. denied*, 143 S. Ct. 2583 (2023).

The deputies argue that the instructional error prejudiced them because it precluded them from obtaining a favorable court ruling on the "clearly established" prong of their qualified immunity defense. As discussed below, we correct this error and remand to the district court to determine whether the law underlying Plaintiffs' constitutional claims was clearly established. Under these circumstances, we decline to order a new trial as the deputies request.

Plaintiffs contend that it is more probable than not that the jury would have reached the same verdict absent the erroneous instruction, and thus reversal is not required. Plaintiffs argue that the instructional error increased their burden at trial, as they were required to prove both a constitutional violation and that the law was clearly established such that every reasonable officer would have known that they were violating Plaintiffs' constitutional rights. And despite the heavier burden, the jury returned a verdict for Plaintiffs on all claims.

4

The district court's instructional error was harmless.  In submitting the "clearly established" prong to the jury, the district court's instruction prejudiced only Plaintiffs because it required them to prove both prongs of qualified immunity by a preponderance of the evidence.  Yet the jury found for Plaintiffs on all claims and awarded them damages.  We are not persuaded by the deputies' argument that the jury's verdict was tainted by an instruction which imposed an additional burden of proof on Plaintiffs.  *Cf. Dang*, 422 F.3d at 811–12.

We thus conclude that removing the erroneous language from the instruction "would have more likely than not failed to affect the outcome of the trial." *Unicolors, Inc.*, 52 F.4th at 1081 (citing *Led Zeppelin*, 952 F.3d at 1065).  Because Plaintiffs were harmed by the court's instructional error and the jury nevertheless returned a verdict for Plaintiffs on all claims, the instructional error does not warrant a new trial.  *Dang*, 422 F.3d at 805 (citation omitted).

The verdict form reflects that the jury found a constitutional violation on each claim against Deputies Holland and Pope.  In doing so, the jury resolved all necessary factual issues in favor of Plaintiffs to find a constitutional violation on all claims, but whether the law was "clearly established" was a question of law for the court to decide.  *Morales*, 873 F.3d at 826.  We therefore remand for the district court to determine, in the first instance, whether the law was "clearly established" as to any of Plaintiffs' constitutional claims.  In undertaking that task,

the court should defer to the jury's factual determinations.  *Id.*

    **2. *Monell* Ratification.**  The jury found that Alameda County had ratified the constitutional violations committed by Deputies Holland and Pope and therefore that the County was liable for the deputies' wrongful conduct under *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658 (1978).  Defendants argue that Plaintiffs' *Monell* claim fails as a matter of law because the jury's verdict is not supported by the evidence.

    We review for substantial evidence a jury's factual findings.  *See Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1242 (9th Cir. 2014).  We conclude that substantial evidence supports the jury's finding that Sheriff Ahern ratified Deputy Holland and Deputy Pope's conduct and therefore affirm the jury's verdict as to the County's *Monell* liability.

    "[A]n official policymaker [must] make a deliberate choice from among various alternatives to follow a particular course of action" and must "make a deliberate choice to endorse" or "approve a subordinate's decision *and the basis for it* before the policymaker will be deemed to have ratified the subordinate's discretionary decision."  *Gillette v. Delmore*, 979 F.2d 1342, 1348 (9th Cir. 1992) (emphasis in original); *Christie v. Iopa*, 176 F.3d 1231, 1239 (9th Cir. 1999).

    It is undisputed that Sheriff Ahern was "an official policymaker" for purposes of Plaintiffs' *Monell* claim.  Captain Brodie, who worked in the Alameda

County Sheriff's Office Internal Affairs Section, reviewed the Loggervale complaint and was the sole investigator of the incident. Sheriff Ahern had unilateral authority to administer discipline. Captain Brodie found the allegations in the Loggervale complaint to be "unfounded," meaning that "the allegations did not occur." Captain Brodie testified that a determination that allegations are "unfounded" is distinct from a finding of "not sustained," where the internal affairs section "cannot determine if the allegation occurred, but [] also can't determine if it didn't occur."

Captain Brodie prepared a memorandum of his investigation and submitted it to Sheriff Ahern. Sheriff Ahern wrote on the memo: "Briefed. No further action required." Captain Brodie testified that this "indicates that the Sheriff is saying no further action, which itself would say that the complaint being unfounded in this case is what stands."

A jury could reasonably infer from these facts that by signing off on Captain Brodie's memorandum, Sheriff Ahern reviewed it and approved of Brodie's decision and the basis for it. *See Fuller v. City of Oakland, Cal*., 47 F.3d 1522, 1535 (9th Cir. 1995). In distinguishing this case from *Gillette*, the district court correctly noted *Gillette*'s emphasis on the fact that the final policymaker must approve not just the decision, but the basis for it. *See Gillette*, 979 F.2d at 1348.

The district court correctly noted that Captain Brodie specifically decided

that the deputies' conduct was lawful, rather than deciding that the allegations in the complaint could not be determined to have occurred.  The jury could have reasonably inferred that by writing on Captain Brodie's investigation memorandum that he had been "briefed," Sheriff Ahern had reviewed Captain Brodie's final decision and endorsed it, as well as the basis for it.  *Id.*  We therefore affirm the jury's verdict that Sheriff Ahern ratified the deputies' conduct.

**3. Damages Award.**  Defendants next argue that the damages award must be vacated because of instructional error or excessiveness.  Defendants first contend that the treble multiplier in California Civil Code § 52(a) is punitive in nature and the district court thus committed instructional error when the pertinent jury charge did not include the punitive purpose of applying the treble multiplier nor guidance for determining the amount of punitive damages.

Section 52(a) provides that a plaintiff can recover actual damages and up to a maximum of three times the amount of actual damages, with a minimum of $4,000 for "each and every offense," *see* Cal. Civ. Code. § 52(a); and Section 52(b) provides that a plaintiff can receive a $25,000 civil penalty and punitive damages, with no minimum for statutory damages, *see* Cal. Civ. Code. § 52(b).  During trial, Plaintiffs proposed a jury instruction that included the § 52(a) treble multiplier.  Defendants did not object or propose any jury instructions related to the Bane Act.  Instead, Defendants requested that the court give the jury the simplest possible general

verdict form on the issue of damages.  The final charge read: "If you find a violation of the Bane Act, you may award damages resulting from the Bane Act violation of (1) actual damages and (2) any amount up to a maximum of three times the amount of actual damage, but not less than four thousand dollars ($4,000)."

After trial, the district court, sua sponte, requested briefing regarding whether the § 52(a) treble multiplier was punitive in nature.  The court ultimately concluded that the jury applied the treble multiplier under § 52(a) given the award amount.  The jury did not award any punitive damages under § 1983.[1]

In denying Defendants' renewed motion for judgment as a matter of law, the district court conducted an extensive inquiry into the Bane Act's legislative history and ultimately concluded that § 52(a)'s treble damages provision is punitive in nature.  *Loggervale v. Holland*, 677 F. Supp. 3d 1026, 1068 (N.D. Cal. 2023).  The court nevertheless declined to remit the award as to Deputy Holland or order a new trial on damages because Defendants had "made no objection to any of these problems" and because "both sides asked for a verdict form with the simplest damages number possible."  *Id.* at 1068.

Because Defendants failed to object to the § 52(a) damages instruction at trial, we review for plain error.  *Skidmore*, 952 F.3d at 1073.  Under plain error

---

[1] The jury answered, "No," when asked whether Deputy Holland's conduct was "malicious, oppressive, or in reckless disregard" of Plaintiffs' constitutional rights to warrant punitive damages under § 1983.

review, we consider whether "(1) there was an error; (2) the error was obvious; and (3) the error affected substantial rights." *C.B. v. City of Sonora*, 769 F.3d 1005, 1018 (9th Cir. 2014) (en banc).  Even where these requirements are met, "the decision whether to correct a plain error under Federal Rule of Civil Procedure 51(d)(2) is discretionary," typically invoked "only if 'review is needed to prevent a miscarriage of justice, meaning that the error seriously impaired the fairness, integrity, or public reputation of judicial proceedings.'" *Id.* at 1018–19 (quoting *Diaz-Fonseca v. Puerto Rico*, 451 F.3d 13, 36 (1st Cir. 2006)).

Because plain error review "requires the error to be plain or obvious," *Draper v. Rosario*, 836 F.3d 1072, 1085 (9th Cir. 2016) (internal quotation marks and citation omitted), "it must have been 'sufficiently clear at the time of trial' that the district court's [] instruction was impermissible." *Hoard v. Hartman*, 904 F.3d 780, 790 (9th Cir. 2018) (quoting *Draper*, 836 F.3d at 1086).

The district court did not plainly err in upholding the jury's damages award. Because there was no controlling authority that treble damages under the Bane Act were punitive in nature, it was not sufficiently clear at the time of trial that the district court's instruction was improper. *Draper*, 836 F.3d at 1086.  The only guidance available to the district court was dicta in a 1991 California Supreme Court decision, where the court noted that § 52(a)'s treble damages provision was an "exemplary award . . . [that] reveals a desire to punish intentional and morally

offensive conduct." *Harris v. Cap. Growth Inv'rs XIV*, 805 P.2d 873, 891 (Cal. 1991), *overruled on other grounds by Munson v. Del Taco, Inc*., 208 P.3d 623 (Cal. 2009).  Thus, the error was not sufficiently "clear under current law" to be plain or obvious.  *United States v. Olano*, 507 U.S. 725, 734 (1993); *Draper*, 836 F.3d at 1086.

Further, the instruction followed the text of § 52(a) without embellishment and tracked the Judicial Council of California Civil Jury Instructions (CACI)'s model Bane Act damages instruction.  CACI 3066 (Bane Act—Essential Factual Elements).  As the district court noted, there was no cap on statutory damages.  *See Loggervale*, 677 F. Supp. 3d at 1061, 1066–67.  Defendants requested that the court give the jury the simplest possible general verdict form as to damages.  *Cf.* CACI VF-3035 (Bane Act model verdict form).  And neither Plaintiffs nor Defendants raised the issue with the district court at any point before, during, or after trial.  We therefore conclude that the district court did not plainly err in its formulation of the jury instructions regarding the § 52(a) treble multiplier.

Second, Defendants argue in the alternative that if the entire award consists of compensatory damages, the award is excessive as a matter of law.  We conclude that Defendants are judicially estopped from asserting that the jury awarded only compensatory damages.  Defendants' alternative argument that the damages award is compensatory is clearly inconsistent with their earlier position that the damages

11

award is punitive, a position which was judicially accepted by the district court.
*See Loggervale*, 677 F. Supp. 3d at 1068; *see also New Hampshire v. Maine*, 532
U.S. 742, 750–51 (2001); *Perez v. Discover Bank*, 74 F.4th 1003, 1009 (9th Cir.
2023).  Because Defendants are judicially estopped from arguing that the damages
award is compensatory and excessive, we accordingly affirm the jury's damages
award in full.

 **4. Attorney's Fees and Costs.**  42 U.S.C. § 1988(b) provides that a district
court "in its discretion, may allow the prevailing party" in a 42 U.S.C. § 1983 civil
rights action "a reasonable attorney's fee."  California Civil Code § 52.1(i)
provides that courts may award a prevailing plaintiff in a Bane Act case their
reasonable attorney's fees.  We review for abuse of discretion a district court's
award of attorney's fees under either 42 U.S.C. § 1983 or state law.  *Chaudhry v.
City of Los Angeles*, 751 F.3d 1096, 1110 (9th Cir. 2014); *Kona Enters. v. Est. of
Bishop*, 229 F.3d 877, 883 (9th Cir. 2000).  Finding no abuse of discretion, we
affirm.

 Defendants contend that the district court abused its discretion when it
awarded Plaintiffs $75,860 in attorney's fees for trial preparation in 2021 when
trial was later adjourned due to Plaintiffs' COVID-19 vaccination status, and
$13,830 in attorney's fees for research and alternative suggestions for COVID-19
procedures which the district court ultimately rejected.

The district court conducted a sufficiently thorough analysis when awarding both amounts. It is well established that a district court may award fees for time spent pursuing unsuccessful motions and efforts that were "a necessary step to [the plaintiff's] ultimate victory . . . . ." *Cabrales v. County of Los Angeles*, 935 F.2d 1050, 1053 (9th Cir. 1991). Preparing for a jury trial during the COVID-19 pandemic presented novel challenges that required additional research and expense. In awarding both amounts, the district court did not reach a result that is "illogical, implausible, or without support in inferences that may be drawn from the record . . . . ." *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc). We thus affirm the district court's award of attorney's fees and costs.

Plaintiffs-Appellees shall recover their own costs on appeal.

**AFFIRMED IN PART; REVERSED IN PART; REMANDED.**

FILED

SEP 19 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

*Loggervale v. County of Alameda*, Nos. 23-15483 and 23-15985

FITZWATER, District Judge, concurring in part and dissenting in part:

I concur in the memorandum disposition, except to the extent that it rejects the challenge to *Monell* ratification and holds Alameda County liable under 42 U.S.C. § 1983.

> The Supreme Court has held that a government entity is not liable in a § 1983 action unless the entity itself causes the constitutional violation at issue. . . .  One way of establishing such liability is ratification, which occurs when authorized policymakers approve a subordinate's decision and the basis for it.  Ratification generally requires more than acquiescence, and a mere failure to discipline does not amount to ratification of allegedly unconstitutional actions.

*Dodge v. Evergreen Sch. Dist. #114*, 56 F.4th 767, 787-88 (9th Cir. 2022) (citations, internal quotation marks, ellipses in original, and brackets omitted).

The memorandum disposition concludes that there is substantial evidence that Alameda County ratified the constitutional violations committed by Deputies Holland and Pope.  It relies on Captain Brodie's interpretation of what Sheriff Ahern meant when he wrote on Captain Brodie's internal affairs memorandum of investigation: "Briefed.  No further action required."  I would hold, however, that this evidence is insufficient to prove that the Sheriff "made a deliberate choice to endorse [Deputies Holland's and Pope's] decision[s] *and the basis for [them]*."  *Gillette v. Delmore*, 979 F.2d 1342, 1348 (9th Cir.1992) (bracketed material and emphasis added).

Accordingly, while I otherwise concur in the memorandum disposition, I

respectfully dissent to the extent that it affirms *Monell* liability against Alameda County.